OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Martines, Appellant, v. Board of Education of
the Cleveland City School District et al., Appellees.
[Cite as State ex rel. Martines v. Cleveland City School Dist.
Bd. of Edn. (1994),         Ohio St.3d         .]
Mandamus to compel Cleveland City School District Board of
     Education to reinstate administrator to his position and
     payment of lost wages and benefits -- Writ denied when
     R.C. 3319.02(D) does not impose the duty sought to be
     compelled, the renewal of the administrator's contract.
     (No. 93-1811 -- Submitted June 29, 1994 -- Decided
September 28, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
64837.

     O'Malley, Lenahan, Gill & Lentz and Mary A. Lentz, for
appellant.
     Duvin, Cahn, Barnard & Messerman, Kenneth B. Stark and
George S. Crisci, for appellees.

     Per Curiam.  Francis S. Martines, appellant, sought a writ
of mandamus against the Cleveland City School District Board of
Education and to members, appellees, to compel his
reinstatement as an administrator and payment of his lost wages
and benefits.  The Court of Appeals for Cuyahoga County granted
the board's motion to dismiss his complaint for failure to
state a claim upon which relief can be granted pursuant to
Civ.R. 12(B)(6).
     For a writ of mandamus to issue, Martines must establish
(1) a clear legal right to the relief he seeks, (2) the board's
corresponding duty to perform as requested, and (3) the absence
of an adequate remedy in the ordinary course of the law.  State
ex rel. Glass, Molders, Pottery, Plastics & Allied Workers
Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp.
Relations Bd. (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266,
1267.  A complaint is dismissable for failure to state a claim
upon which relief can be granted when the material factual
allegations are taken as admitted and all reasonable inferences
are drawn in his favor, but it still appears beyond doubt from

the complaint that the plaintiff cannot prove facts entitling him to recovery.  O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

In granting the motion to dismiss, the court of appeals accepted as true the allegations that Martines began working for the board of education in 1960 and that he became the Director of School Based Management in November 1983.  The court noted that he did not allege that the board had failed to timely advise him of its decision not to renew his contract for the 1992-1993 school year.  The court also accepted as true Martines's representation that the board had not complied with the evaluation and hearing requirements of R.C. 3319.02(D).1 However, it found that Martines had not stated a cognizable claim for a writ of mandamus because R.C. 3319.02(D) does not impose the duty he sought to compel -- in essence, the renewal of his adminstrator's contract.

We agree.  Recently, in State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 631 N.E.2d 150, we rejected part of the argument Martines asserts here -- that a board of education's failure to observe the evaluation requirements of R.C. 3319.02(D) voided its decision not to renew an administrator's contract.  We explained:

"Although R.C. 3319.02(D) mandates the evaluation procedure, it provides no remedy of reemployment for failure on the part of the board to comply with that procedure.  Indeed, R.C. 3319.02(C) deems an administrator reemployed by operation of law only if a timely written notice of the board's intention not to reemploy is not given.  By contrast, * * *  R.C. 3319.11 specifically provides that a board's failure to comply with the teacher evaluation requirements of R.C. 3319.111 results in reemployment of the teacher.  In other words, if the General Assembly had intended that board compliance with the administrative evaluation provisions of R.C. 3319.02(D) be a prerequisite to a valid board decision not to renew an administrative contract, it would have so provided, as it did in R.C. 3319.11 for teachers' contracts."

"Furthermore, R.C. 3319.02(D) expressly states that '[n]othing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any assistant superintendent, principal, assistant principal, or other administrator.'  This manifestly indicates that noncompliance with any or all of the R.C. 3319.02(D) evaluation procedures does not invalidate a board's action not to renew an administrative contract.  * * *."  Id. at 222, 631 N.E.2d at 154.

Martines also argues that multiple violations of the duties imposed by R.C. 3319.02(D), i.e., noncompliance with the evaluation and hearing requirements of the statutes, confers a right to contract renewal.  He relies on our discussion in State ex rel. Smith v. Etheridge (1992), 65 Ohio St.3d 501, 605 N.E.2d 59, which states:

"While the * * * statutory language requires the board to consider the administrator's evaluation, it does not require the board to base its decision on such evaluations.  * * * [T]he * * * language indicates that even if a board did not consider an administrator's evaluation in voting to nonrenew a contract, such failure does not by itself undermine a board's

decision to nonrenew an administrative contract."  (Emphasis added.)  Id. at 508, 605 N.E.2d at 64-65.

The administrator in Cassels made a similar argument, asserting that violation of the evaluation requirements, plus prejudice, is enough to cause contract renewal.  We disagreed, stating:

"[T]he State ex rel. Smith language should be interpreted to mean that a failure to comply with the R.C. 3319.02(D) evaluation procedures will not invalidate a board's action not to renew an administrative contract.  This result comports with the language of R.C. 3319.02(C) and (D).  But, cf., State v. Arnold (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (it is a cardinal rule of statutory construction that a statute shall be construed, if practicable, [so] as to give some effect to every part of it).  Since [the administrator] never alleged anything in addition to the failure of [the board] to comply with R.C. 3319.02(D) and readily admitted that she was sent timely notice of nonrenewal pursuant to R.C. 3319.02(C), she was, as a matter of law, not entitled to a writ of mandamus to compel her reemployment as * * * [an administrator].  In short, she has demonstrated neither a clear legal right to renewal of her * * * [administrative] contract, nor a corresponding clear legal duty on the part of * * * [the board] to provide it."  Id., 69 Ohio St.3d at 222, 631 N.E.2d at 154.

Cassels establishes that, as between violations of R.C. 3319.02(C) and (D), only the failure to provide timely written notice of a board of education's intention not to renew an administrator's contract will require the remedy for which Martines asks -- a writ of mandamus to compel contract renewal, including reinstatement, back pay and benefits.  Conversely, noncompliance with other requirements in those subsections, to the extent such requirements are not expressly linked to contract renewal, is not a basis for this relief.  Accordingly, the court of appeals correctly dismissed Martines's complaint on the ground that it failed to state a claim upon which relief could be granted.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.
Douglas, Resnick and F.E. Sweeney, JJ., dissent.


FOOTNOTE
1    R.C. 3319.02(D) states:

"Each board of education shall adopt procedures for the evaluation of all assistant superintendents, principals, assistant principals, and other administrators and shall evaluate such employees in accordance with those procedures. The evaluation based upon such procedures shall be considered by the board in deciding whether to renew the contract of employment of an assistant superintendent, principal, assistant principal, or other administrator.  The evaluation shall measure each assistant superintendent's, principal's, assistant principal's, and other administrator's effectiveness in performing the duties included in his job description and the evaluation procedures shall provide for, but not be limited to, the following:

"(1)  Each assistant superintendent, principal, assistant principal, and other administrator shall be evaluated annually

through a written evaluation process.

"(2)  The evaluation shall be conducted by the superintendent or his designee.

"(3)  In order to provide time to show progress in correcting the deficiencies identified in the evaluation process the completed evaluation shall be received by the evaluatee at least sixty days prior to any action by the board of education on the employee's contract of employment.

" * * *

"Before taking action to renew or nonrenew the contract of an assistant superintendent, principal, assistant principal, or other administrator under this section and prior to the last day of March of the year in which such employee's contract expires, the board of education shall notify each such employee of the date that his contract expires and that he may request a meeting with the board.  Upon request by such an employee, the board shall grant the employee a meeting in executive session to discuss the reasons for considering renewal or nonrenewal of his contract."

Douglas, J., dissenting.    I respectfully dissent.  In deciding as the majority does in today's opinion (and as we did in State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. [1994], 69 Ohio St.3d 217, 631 N.E.2d 150), we render meaningless the following language of R.C. 3319.02(D):

"(1)  Each assistant superintendent, principal, assistant principal, and other administrator shall be evaluated annually through a written evaluation process.

"(2)  The evaluation shall be conducted by the superintendent or his designee.

"(3)  In order to provide time to show progress in correcting the deficiencies identified in the evaluation process the completed evaluation shall be received by the evaluatee at least sixty days prior to any action by the board of education on the employee's contract of employment."  (Emphasis added.)

The clear language found in R.C. 3319.02(D)(3) makes evaluation a condition precedent to any action by a board of education on an affected employee's contract.  Today's decision does not give efficacy to the language of the statute.

Did the General Assembly really intend that this language could be ignored with impunity?

Resnick and F.E. Sweeney, JJ., concur in the foregoing dissenting opinion.