The State of Ohio, Appellee, *v.* Carpenter, Appellant.

[Cite as *State v. Carpenter* (1994), 70 Ohio St.3d 1215.]

(No. 86–413—Submitted August 17, 1994—Decided October 19, 1994.)

Appellant, Danny Carpenter, was convicted of murder, three counts of felonious assault, and three counts of aggravated robbery, all with firearm specifications. On direct appeal as of right, the court of appeals affirmed. *State v. Carpenter* (Jan. 15, 1986), Cuyahoga App. No. 49951, unreported, 1986 WL 636. We overruled Carpenter's motion for leave to appeal and dismissed his claimed appeal as of right on May 21, 1986, in case No. 86–413. Carpenter subsequently filed a motion in the court of appeals for delayed reconsideration of his direct appeal under App.R. 26(B), claiming that he had lacked effective assistance of counsel on his first appeal as of right. (See *State v. Murnahan* [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals denied reconsideration, *State v. Carpenter* (May 18, 1994), Cuyahoga App. No. 49951, unreported, and we affirmed that judgment, *State v. Carpenter* (1994), 70 Ohio St.3d 1408, 637 N.E.2d 6. Carpenter also petitioned the trial court for collateral post-conviction relief; that petition was denied, and the court of appeals affirmed the denial. *State v. Carpenter* (June 30, 1994), Cuyahoga App. No. 65722, unreported, 1994 WL 317638. Carpenter now claims that he lacked effective assistance of counsel in 1986 when seeking to appeal to this court; he therefore asks us to reinstate his appeal under S.Ct.Prac.R. XI(1)(B).

We deny the motion. Carpenter's 1986 appeal to this court was neither a first appeal nor an appeal as of right. He therefore had no constitutional right to counsel, hence no constitutional right to effective assistance. See *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110.

*Motion denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.