[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 579.]

THE STATE EX REL. CARPENTER, APPELLANT, *v.* TUBBS JONES, CUYAHOGA COUNTY PROSECUTING ATTORNEY, APPELLEE.

[Cite as *State ex rel. Carpenter v. Tubbs Jones*, 1995-Ohio-313.]

*Public records—Record discoverable under Crim.R. 16(B) is subject to immediate release regardless of whether it is contained within a prosecutor's file and combined with "trial preparation records."*

(No. 95-16—Submitted April 4, 1995—Decided July 26, 1995.)

Appeal from the Court of Appeals for Cuyahoga County, No. 67365.

———————————

In 1986, Danny Carpenter, relator-appellant, was convicted of murder, three counts of aggravated robbery and three counts of felonious assault with firearm specifications. The court of appeals upheld his convictions and we denied jurisdiction. *State v. Carpenter* (Jan. 15, 1986), Cuyahoga App. No. 49951, unreported; see *State v. Carpenter* (1994), 70 Ohio St.3d 1215, 639 N.E.2d 1199.

Carpenter then filed the instant mandamus action against the Cuyahoga County Prosecuting Attorney, Stephanie Tubbs Jones, respondent-appellee, seeking the release of public records compiled in the course of his criminal case and that of his co-defendants.[1] Appellee refused to release these records and filed a motion to dismiss, or in the alternative, for summary judgment. The court of appeals *sua sponte* ordered an *in camera* inspection of the file. Upon appellee's motion for reconsideration, the court granted this motion, vacated its order, and dismissed the mandamus action.

The cause is now before this court upon an appeal as of right.

———————————

---

1. Carpenter's sister-in-law was also named relator, but is not a party to this appeal. State ex rel. Carpenter v. Tubbs Jones

*Danny Carpenter*, *pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 1}** We are asked to determine whether appellant is entitled to those records pertaining to his criminal trial and those of his co-defendants. Appellee argues that it need not release these records because they are contained within the prosecutor's litigation file and are exempt from release under R.C. 149.43(A)(1) as "trial preparation records."

**{¶ 2}** Not every record contained within a prosecutor's file is an exempt "trial preparation record." Documents discoverable under Crim.R. 16(B) or other records, such as routine office and indictment reports, fall outside the definition of "trial preparation record" and are always subject to disclosure upon request by the criminal defendant. See *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 435, 639 N.E.2d 83, 94. These non-exempt records do not become "trial preparation records" simply because they are contained within a prosecutor's file. Within that file, there can be both "trial preparation records," which are exempt, and other records, which must be disclosed. If a criminal defendant can obtain a record under Crim.R. 16(B), that record is subject to immediate release to that defendant regardless of whether it is contained within a prosecutor's file and combined with "trial preparation records."

**{¶ 3}** Under Crim.R. 16(B)(1)(a), any relevant written or recorded statements by a defendant or co-defendant, written summaries of oral statements by a defendant or co-defendant, or the recorded testimony of a defendant or co-defendant before a grand jury is discoverable to a criminal defendant. Clearly, these records, which are discoverable under Crim.R. 16(B)(1), are subject to immediate

release upon request by a criminal defendant even though they are contained within the prosecutor's file.

{¶ 4} Accordingly, we find that appellant is entitled to those records pertaining to his criminal trial and those of his co-defendants which are discoverable under Crim.R. 16(B). As to the other records that appellant seeks, which are not discoverable under Crim.R. 16(B) and which the prosecutor compiled in anticipation of appellant's underlying criminal case, these records are considered "trial preparation records" and were properly exempt under *State ex rel. Steckman*, *supra*.

{¶ 5} The judgment of the court of appeals is reversed, and the writ sought by appellant is granted in part and denied in part.

*Judgment reversed;*
*writ granted in part*
*and denied in part.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

COOK, J., concurs in judgment only.

———————————

**COOK, J., concurring in judgment.**

{¶ 6} I respectfully concur only in the judgment and write to voice my concern that the majority's holding may be interpreted too broadly.

{¶ 7} The present case is one where the relator has been convicted and his convictions upheld upon appeal. I agree that under the circumstances of this case if a document is discoverable under Crim.R. 16 then it does not qualify as a "trial preparation record" under R.C. 149.43(A)(4). To say this, however, is not the same as equating documents discoverable under Crim.R. 16 with public records. The statute defining "public record" includes many exceptions, only one of which is trial preparation records. R.C. 149.43(A). My concern is that *State ex rel. Steckman*

*v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, not be interpreted to mean that every record discoverable under Crim.R. 16 is thereby deemed a public record.

{¶ 8} Thus, for the foregoing reasons, I respectfully concur in the judgment.

_____