THE STATE EX REL. COHN ET AL., APPELLEES, *v.* SHAKER HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *State ex rel. Cohn v. Shaker Hts. City School Dist. Bd. of Edn.* (1997), 78 Ohio St.3d 516.]

(No. 96–1787—Submitted April 15, 1997—Decided June 4, 1997.)

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A,* and *Mark B. Cohn*; and *Jerry Brodsky,* for appellees.

*Squire, Sanders & Dempsey L.L.P., David J. Millstone* and *Loren L. Braverman,* for appellant.

*Per Curiam.* In its first, second, and third propositions of law, the board asserts that the court of appeals erred in granting appellees' writ of mandamus because (1) it is appropriate for a school board to file retroactive tutor salary schedules, (2) appellees do not have a right to be paid under teachers' salary schedules which have not been filed with either the Superintendent of Public Instruction or the Department of Education, and (3) appellees have an adequate remedy at law by way of the grievance and arbitration provisions of the collective bargaining agreements. We have already rejected these contentions in a case involving other tutors and the same school board. *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.* (1997), 78 Ohio St.3d 37, 676 N.E.2d 101. *Kabert* applies here. Based on *Kabert,* the board's first, second, and third propositions of law are overruled.

In its fourth proposition of law, the board asserts that appellees are estopped from claiming status as teachers for purposes of the teachers' salary schedules and entitlement to continuing contracts. The board initially contends that a provision in the collective bargaining agreements in effect during the pertinent school years precluded part-time employees like appellees from attaining continuing contract status.

But the board's contention is meritless because appellees, and other tutors, were not members of the collective bargaining unit. Appellees' entitlement to continuing contracts and the higher teachers' salaries incorporated into the collective bargaining agreements arose from statutes rather than the collective bargaining agreements. *Kabert; State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 641 N.E.2d 188; *State ex rel. Brown v. Milton–Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297. Therefore, the contractual provision cited by the board did not apply to appellees.

The board also contends that it would be "grossly inequitable" to compel it to issue continuing contracts because appellees did not go through the "rigorous evaluative process established by R.C. 3319.11 and 3319.111." This contention lacks merit because " 'R.C. 3319.11 specifically provides that a board's failure to comply with the teacher evaluation requirements of R.C. 3319.111 results in the reemployment of the teacher.' " *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.* (1994), 70 Ohio St.3d 416, 417, 639 N.E.2d 80, 82, quoting *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150, 154. Therefore, the board's fourth proposition of law is overruled.

Based on the foregoing, the court of appeals did not err in granting appellees extraordinary relief in mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.