[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 516.]

THE STATE EX REL. COHN ET AL., APPELLEES, *v*. SHAKER HEIGHTS CITY

SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *State ex rel. Cohn v. Shaker Hts. City School Dist. Bd. of Edn.*,

1997-Ohio-190.]

*Mandamus compelling board of education to pay relators the difference between the amounts they were paid as tutors and the amounts they were entitled to receive under the teachers' salary schedules for school years 1989-1990 through 1994-1995 and to issue relators continuing contracts—Writ granted, when.*

(No. 96-1787—Submitted April 15, 1997—Decided June 4, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69539.

———————————

{¶ 1} Appellant, Shaker Heights City School District Board of Education, employs appellees, Marlene Cohn and Cindy Brodsky, as tutors. While employed as tutors, they held teaching certificates and served as teachers.

{¶ 2} Through a collective bargaining agreement effective from August 1981 to December 1985, the board recognized the Shaker Heights Teachers' Association as the exclusive representative of "classroom teachers." The parties did not intend that the bargaining unit include tutors. Subsequent collective bargaining agreements between the board and the association expressly excluded tutors from the bargaining unit.

{¶ 3} For school years 1989-1990 through 1994-1995, the board paid tutors, including appellees, an hourly rate which was less than the minimum teachers' salary schedule set forth in R.C. 3317.13(C). During the same period and in accordance with R.C. 3317.14, the board annually adopted teachers' salary schedules, which were incorporated into the collective bargaining agreements. The

board received funds distributed under R.C. Chapter 3317, the School Foundation Program, in this period. The board did not file the teachers' salary schedules for school years 1991-1992 through 1994-1995 with either the Superintendent of Public Instruction or the State Department of Education.

{¶ 4} In April 1995, after appellees had requested to be compensated pursuant to the collectively bargained teachers' salary schedules, the board adopted nonbargaining, nonadministrative certificated salary schedules for tutors that purported to cover tutor compensation from March 1989 through June 1995. These schedules exceeded the state minimum teachers' salary schedule and contained increments based on years of service and academic training. The board filed these schedules with the Superintendent of Public Instruction. The board paid tutors, including appellees, the difference between what they had been previously paid during the March 1989-June 1995 period and the amount they were entitled to under the new schedules.

{¶ 5} The board has employed appellees as teachers assigned to tutorial duties for over three consecutive years. Neither the board nor the district superintendent ever provided appellees with written notice of a recommendation for a limited contract.

{¶ 6} In September 1995, appellees filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel the board to pay them in accordance with the collectively bargained teachers' salary schedules for the pertinent school years and to issue them continuing contracts. Following the presentation of evidence and briefs, the court of appeals granted the writ.

{¶ 7} The cause is now before this court upon the board's appeal as of right.

————————————

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A, and Mark B. Cohn;* and *Jerry Brodsky*, for appellees.

*Squire, Sanders & Dempsey L.L.P., David J. Millstone* and *Loren L. Braverman*, for appellant.

_____

***Per Curiam.***

**{¶ 8}** In its first, second, and third propositions of law, the board asserts that the court of appeals erred in granting appellees' writ of mandamus because (1) it is appropriate for a school board to file retroactive tutor salary schedules, (2) appellees do not have a right to be paid under teachers' salary schedules which have not been filed with either the Superintendent of Public Instruction or the Department of Education, and (3) appellees have an adequate remedy at law by way of the grievance and arbitration provisions of the collective bargaining agreements. We have already rejected these contentions in a case involving other tutors and the same school board. *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.* (1997), 78 Ohio St.3d 37, 676 N.E.2d 101. *Kabert* applies here. Based on *Kabert*, the board's first, second, and third propositions of law are overruled.

**{¶ 9}** In its fourth proposition of law, the board asserts that appellees are estopped from claiming status as teachers for purposes of the teachers' salary schedules and entitlement to continuing contracts. The board initially contends that a provision in the collective bargaining agreements in effect during the pertinent school years precluded part-time employees like appellees from attaining continuing contract status.

**{¶ 10}** But the board's contention is meritless because appellees, and other tutors, were not members of the collective bargaining unit. Appellees' entitlement to continuing contracts and the higher teachers' salaries incorporated into the collective bargaining agreements arose from statutes rather than the collective bargaining agreements. *Kabert*; *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 641 N.E.2d 188; *State ex rel. Brown v. Milton-*

*Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297. Therefore, the contractual provision cited by the board did not apply to appellees.

{¶ 11} The board also contends that it would be "grossly inequitable" to compel it to issue continuing contracts because appellees did not go through the "rigorous evaluative process established by R.C. 3319.11 and 3319.111." This contention lacks merit because "'R.C. 3319.11 specifically provides that a board's failure to comply with the teacher evaluation requirements of R.C. 3319.111 results in the reemployment of the teacher.'" *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.* (1994), 70 Ohio St.3d 416, 417, 639 N.E.2d 80, 82, quoting *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150, 154. Therefore, the board's fourth proposition of law is overruled.

{¶ 12} Based on the foregoing, the court of appeals did not err in granting appellees extraordinary relief in mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————