JOURNAL ENTRY AND OPINION
On August 8, 2000, the relator, Charles Perry, commenced this ublic records mandamus action pursuant to R.C. 149.43 against the Respondent, Emmanuel Onuwor, the Mayor of East Cleveland, to compel he disclosure of records that are kept by the East Cleveland olice Department in relation to the criminal case State v. Bell, R-260396. (Page two of the complaint, capitalization in the riginal.) Mr. Perry endeavored to clarify the records sought, primarily * * * the various statements that were compiled by East leveland Police during the course of the their investigation of the riminal matter. (Page two of the complaint). He stated that he ad requested their disclosure, but East Cleveland had denied ccess.
Afterreceiving an extension of time, the respondent moved to ismiss on October 6, 2000, on the sole grounds that Mr. Perry had ailed to support his writ complaint with the affidavit required by ocal Appellate Rule 45(B)(1). On October 31, 2000, also after eceiving an extension to reply, Mr. Perry moved to amend and upplement his complaint with a supporting affidavit.
In his affidavit Mr. Perry relates that in January, April, une, July and August of 2000, he requested the police reports rom the Bell case; each time the East Cleveland Police Department enied his request. Attached to the affidavit and incorporated herein is Mr. Perry's April 4, 2000 written request to East levela nd asking to review and copy the investigative records contained in the East Cleveland Police Department files concerning he criminal case of State v Bell, CR 260396, CR 261061. He then urther specified the records sought:
 (1) Copies of written statements, or any synopsis of oral statements made by any and all individuals interviewed during the course of the investigation of the criminal matter of Christopher Bell concerning the November 14, 1990, shooting death of one victim and the alleged attempted murder of Ronald Greene. (2) Copies of all investigative reports, evidentiary reports and any scientific findings in your files pertaining to Christopher Bell as related to the November 14, 1990, shooting death of one victim and the alleged attempted murder of Ronald Greene.
The respondent never opposed Mr. Perry's motion to amend.
For the following reasons, this court grants Mr. Perry's motion to amend and denies the respondent's motion to dismiss. Nevertheless, this court also sua sponte dismisses Mr. Perry's public records mandamus action.
The court grants the motion to amend the complaint with a supporting affidavit in furtherance of the policy that cases are to be decided on their merits and not on procedural technicalities. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 297 N.E.2d 113 and State ex rel. Wilcox v. Seidner (1996), 76 Ohio St.3d 412, 667 N.E.2d 1220. Because the sole ground for dismissal raised by the respondent was the failure to include the required supporting affidavit and the motion to amend has cured that defect, this court denies the motion to dismiss.
However, an examination of Mr. Perry's request convinces this court that the records he seeks are not public records. R.C. 149.43(A)(1)(g) and (h) define public records as not including trial preparation records and confidential law enforcement investigatory records. Subsection (A)(2)(c) further defines confidential law enforcement investigatory records as including Specific confidential investigatory techniques or procedures or specific investigatory work product.
In State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83, the Supreme Court of Ohio radically reshaped Ohio's public record law by declaring that almost all police investigatory records are exempt from disclosure. In Paragraph Five of the Syllabus, the court ruled: Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. The Supreme Court further held that only routine offense and incident reports, such as records relating to a charge of driving under the influence are subject to disclosure.
In Steckman[1] the court explicitly examined the requests of Ronald Larkins in which he sought from the police all records, including investigative records relating to a murder case which had already been litigated through trial and appeal. This is essentially the same as Mr. Perry's request in the instant case.
Applying the new rule the court held that the records sought by appellant are exempt from disclosure based upon the work product exception of R.C.149.43(a)(2)(c). 70 Ohio St.3d at 437.
Mr. Perry seeks investigative reports, witness statements, evidentiary reports and scientific reports. These are substantive work product and do not include the routine offense or incident report. Therefore, the entirety of his request consists of records which are exempt from disclosure.
Nor do the two apparent exceptions to the general rule that police investigative reports are not subject to disclosure, criminal discovery and pending cases, save the action. The first clause of the syllabus, Except as required by Crim.R. 16, may seem to indicate that if a record is subject to disclosure in criminal discovery it is a public record and subject to disclosure. However, the Supreme Court of Ohio has explicitly rejected that interpretation of its ruling. The criminal discovery rules are a matter only for the prosecutor and the criminal defendant, and they do not otherwise make trial preparation records or confidential law enforcement investigatory records public records. Making criminal discovery subject to R.C. 149.43 would thwart discovery's objectives. Thus, the supreme court held that information that a criminal prosecutor has disclosed to the defendant for discovery purposes pursuant to Crim.R. 16 is not thereby subject to release as a `public record' pursuant to R.C. 149.43. State ex rel. WHIO-TV-7 v. Lowe (1997),77 Ohio St.3d 350, 355, 673 N.E.2d 1360. Cf. State ex rel. Carpenter v. Jones (1995), 72 Ohio St.3d 579, 651 N.E.2d 993.
In Steckmanthe court ruled that information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is exempt from required disclosure. Once a record becomes exempt from disclosure, it remains exempt unless and until all trials, actions or proceedings have been completed. The court then clarified its position by ruling that all proceedings are not concluded as long as there is a possibility that further proceedings could occur. Thus, even if a criminal defendant has been convicted and that conviction has been affirmed on appeal, the possibility of further proceedings and trials remain, and the confidential law enforcement investigatory records remain exempt from disclosure. The possibilities for further proceedings and trials are numerous, e.g., a postconviction relief petition, a motion to withdraw guilty plea, a motion for new trial based on newly discovered evidence, a new trial from a reversal on a successful application to reopen pursuant to App.R. 26(B), and federal habeas corpus proceedings. Thus, absent proof that no further proceedings are possible, e.g., the defendant's death perhaps, a custodian of confidential law enforcement investigatory records is under no duty to disclose them.
In mandamus a relator must plead specific facts in order to avoid dismissal. State ex rel. Iacovone v. Kaminiski (1998), 81 Ohio St.3d 189,690 N.E.2d 4; State ex rel. Clark v. Lile (1997), 80 Ohio St.3d 220,685 N.E.2d 535; State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33,656 N.E.2d 332; State ex rel. Fain v. Summit County Adult Probation Department (1995), 71 Ohio St.3d 658, 646 N.E.2d 1113; and State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 and State ex rel. Strothers v. Murphy (1999), 132 Ohio App.3d 645, 725 N.E.2d 1185. Mr. Perry failed to plead the critical facts to show that there is no possibility of further proceedings in the Bell case.[2]
Accordingly, this court rules that Mr. Perry has not stated a claim for public records enforceable in mandamus and dismisses this action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JOHN T. PATTON, J. AND LEO M. SPELLACY, J., CONCUR.
[1] In Steckman the supreme court examined three different public records cases illustrating a variety of relators and procedural postures.
[2] The court further notes that it dismissed Christopher Bell's public record mandamus action seeking the same records. Christopher Bell v. Wallace Davis, Mayor (Mar. 25, 1993), Cuyahoga App. No. 64355, unreported.