DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edward L. Gilbert, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment to Appellees, Summit County, Summit County Executive's Office, Summit County Prosecutor Sherri Bevan Walsh, in her official and individual capacity, and Summit County Assistant Prosecutor, Susan Baker Ross, in her official and individual capacity. We reverse and remand.
 {¶ 2} Appellant filed a mandamus action in the trial court demanding production of documents by Appellees under the Ohio Public Records Act ("Act"). Both Appellant and Appellees filed motions for summary judgment. The trial court granted Appellees' motion for summary judgment, stating that Appellant could not use the Act to circumvent the civil discovery rules. Appellant raises three assignments of error.
 Assignment of error I
"The [trial] court erred when it concluded that [Appellant] was not entitled to the public records at issue because [Appellant] represented [a client] in two separate proceedings against [Appellee]."
 {¶ 3} In his first assignment of error, Appellant argues that the trial court should have denied Appellees' motion for summary judgment. While agreeing with the material facts of the case, Appellant argues that the trial court misinterpreted the applicable law, and that Appellees, therefore, were not entitled to judgment as a matter of law on their summary judgment motion. Specifically, Appellant alleges documents relating to a federal audit (FSET audit) of the Department of Job and Family Services do not fall under any enumerated exemption under the Act. In other words, Appellant urges this court to find that his purpose in requesting the records, including any current involvement in a lawsuit possibly related to those records, is irrelevant.
 {¶ 4} Summary judgment is proper under Civ.R. 56(C) if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 5} This court reviews the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Any doubt must be resolved in the favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} This case apparently arose from a discovery dispute in a federal suit where Appellant is the attorney of record for Emanuel Janikis ("Janikis"). Janikis currently has two pending lawsuits against Appellee Summit County, and Appellant serves as counsel of record in both proceedings. See County of Summit Dept. of Human Services v. Janikis, Summit County Common Pleas Case No. CV 2000-07-3046 and Janikis v. Countyof Summit, N.D. Ohio Case No. 5:01CV1598. Both suits involve Janikis' termination from employment with the Summit County Department of Job and Family Services.
 {¶ 7} Appellant filed an action in Federal District Court on behalf of Janikis in June 2001. In that case, the district court judge issued an order concluding discovery on January 31, 2002. While the actual FSET audit was produced during discovery to Janikis and Appellant, Appellee Summit County refused to turn over additional documents related to the FSET audit because Appellant requested them outside the ordered federal discovery period. On behalf of his client, Appellant then engaged in a discovery dispute with Appellee Summit County in the federal district court. A portion of the dispute allegedly involved production of the same material that Appellant now seeks through the Act. The district court judge denied Appellant's motions to seek additional discovery related to the FSET audit.
 {¶ 8} Following the discovery dispute, Appellant sent a letter to Appellee Summit County Executive's Office requesting records related to the FSET audit under the Act. The fax cover sheet for the request bore the caption of Janikis' federal district court case. Because the request related to a pending legal suit against it, Appellee Summit County Executive's Office forwarded the request to its legal counsel, Appellee Prosecutor Walsh and Appellee Assistant Prosecutor Ross. The Prosecutor's office refused multiple records requests by Appellant under the Act on the basis that Appellant could not use the Act to circumvent the civil discovery rules. Appellant then filed this mandamus action in the Summit County Court of Common Pleas to force production of the requested records.
 {¶ 9} The Act rests upon the "fundamental policy of promoting open government, not restricting it." State ex rel. The Miami Student v. MiamiUniv. (1997), 79 Ohio St.3d 168, 171. "`The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people[.]'" DaytonNewspapers, Inc. v. Dayton (1976), 45 Ohio St.2d 107, 109, quoting Stateex rel. Patterson v. Ayers (1960), 171 Ohio St. 369, 371. Permitting public access to records under the Act is intended to expose government activity to public scrutiny and increase government accountability. Stateex rel. Gannett Satellite Info. Network, Inc. v. Petro (1997),80 Ohio St.3d 261, 264. Courts should liberally construe the Act in favor of broad access. State ex rel. Wadd v. Cleveland (1998), 81 Ohio St.3d 50,51-52.
 {¶ 10} Where a public entity refuses to disclose public records upon request under the Act, mandamus is the proper mechanism to compel disclosure. R.C. 149.43(C). The public entity must release for inspection any requested record in its possession unless the record is specifically exempt under the Act. See R.C. 149.43(B). Where the entity fails to produce the requested records, claiming exemption, the burden of proof is on that entity to prove that the exemption applies. State ex rel. Natl.Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, paragraph two of the syllabus. All doubts are to be resolved in favor of disclosure.Wadd, 81 Ohio St.3d at 51-52.
 {¶ 11} In this case, there is no dispute that Appellees refused to turn over records requested under to the Act. However, Appellees claim that the R.C. 149.43(A)(1)(v) exemption, regarding "[r]ecords the release of which is prohibited by state or federal law[,]" applies. Specifically, Appellees assert that release of the records violates state law in the guise of Civ.R. 26 regarding discovery in civil suits. Where one files a civil lawsuit, Appellees opine that the litigant subjects himself to the limits of the Ohio Rules of Civil Procedure, and may not utilize other methods of discovery beyond the bounds of those rules. Appellees support their proposition with two main cases: State ex rel.Perrysburg Twp. v. Rossford, 148 Ohio App.3d 72, 2002-Ohio-387, and Stateex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420.
 {¶ 12} Perrysburg represents a virtually identical factual scenario and question on a R.C. 149.43 mandamus action: whether a civil litigant may obtain relevant materials via R.C. 149.43, rather than civil discovery, during the pendancy of their case. See Perrysburg at ¶ 11 and ¶ 13. The Sixth District Court of Appeals in Perrysburg held that:
"Similar to the analysis found in the Steckman case * * * the use of R.C. 149.43 by a litigant to circumvent the discovery process is improper. Having filed the law suit, Perrysburg subjected itself to the discovery process to obtain the information rather than through R.C.149.43. A mandamus action under R.C. 149.43 cannot be used to circumvent the civil discovery rules." Id. at ¶ 16.
 {¶ 13} Appellees urge us to follow the Sixth District Court of Appeals and find that Appellant may not use the Act to circumvent civil discovery. But a further analysis of Steckman, upon which the Perrysburg
court heavily relied, is required. If, in fact, the Steckman framework indicates that use of the Act to force production of records to a litigant during the pendancy of a civil case is prohibited by state law (Civ.R. 26), then we would agree with Perrysburg. But this is not the case.
 {¶ 14} The Ohio Supreme Court in Steckman held that "[i]n the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery." Steckman, 70 Ohio St.3d 416, at paragraph two of the syllabus. Regardless of this broad language, the court carefully circumscribed their decision in two very distinct ways. First, the court "emphasize[d] * * * that [Steckman] only affects public records involved in pending criminal proceedings[.]" Id. at 426 (Emphasis added). Second, the decision in Steckman relied on two specific exemptions found in R.C.149.43, trial preparation records and confidential law enforcement investigatory records, that neither side has argued apply in this case. Id. at 432, 435.
 {¶ 15} Steckman also addresses Appellees' argument that Civ.R. 26 overrides a private litigant's rights under the Act; the court discussed at length the interplay between the Act and Crim.R. 16, the criminal discovery rule. See Steckman, 70 Ohio St.3d at 428-29. But, contrary to Appellees' contentions, the court did not indicate two very important things. First, the court never indicated that Crim.R. 16, in any way, actually trumped the right of a citizen to access public records under the Act. See id. Second, the court did not hold that use of the Act in lieu of Crim.R. 16 discovery was "prohibited by state or federal law[,]" as required under the current R.C. 149.43(A)(1)(v) exemption. See id. In fact, the court noted that other papers in the prosecutor's file that did not fall under a specific exemption, for example routine offense and incident reports, "are subject to immediate release upon request. If release is refused, an action in mandamus, pursuant to R.C. 149.43(C), will lie to secure release of the records." Id. at 435. See, also, Stateex rel. Carpenter v. Tubbs Jones (1995), 72 Ohio St.3d 579, 580 (holding that documents in a prosecutor's file that are not exempt as a trial preparation record are "always subject to disclosure upon request by [a] criminal defendant"). Given that the court recognized that a defendantcould force production of certain records related to his pending criminal suit, we do not find merit in Appellees' assertion that use of the Act to obtain records relevant to a civil proceeding violates state law in the guise of Civ.R. 26.
 {¶ 16} Our belief is furthered by cases decided after Steckman
regarding the Act. "`A person may inspect and copy a `public record,' as defined in R.C. 149.43[A], irrespective of his or her purpose for doing so.'" State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept. (1998),82 Ohio St.3d 37, 40, quoting State ex rel. Fant v. Enright (1993),66 Ohio St.3d 186, syllabus. Wilson-Simmons is also highly relevant for another reason: the sheriff's department in that case challenged Wilson-Simmons' mandamus action to compel record production under the Act on the ground that her "only reason for seeking [the records] was to support her federal case." Wilson-Simmons, 82 Ohio St.3d at 40. Regardless of that fact, the court maintained that Wilson-Simmons' purpose in requesting the records was irrelevant. Id. The Supreme Court again reiterated this legal holding in the recent case of State ex rel.Consumer News Serv., Inc. v. Worthington City Bd. of Edn.,97 Ohio St.3d 58, 2002-Ohio-5311, at ¶ 45 (holding the purpose behind a records request under the Act is irrelevant).
 {¶ 17} Given that the court in Steckman based its decision on exemptions inapplicable to the case at bar, and that the court has continued to hold that one's purpose in requesting records under R.C.149.43 is irrelevant, we respectfully decline to follow the Sixth District Court of Appeals decision in Perrysburg. A private litigant may use the Act to request materials, regardless of their relevance to any pending lawsuit.
 {¶ 18} We recognize that this opinion opens another avenue of possible infinite delay in court proceedings. It also creates the possibility for virtually limitless discovery by a private party in a suit against a public entity, while not permitting reciprocal discovery rights to the public entity. But two important things must be held in mind. First, the Act was intended to further government accountability. SeeGannett Satellite Info. Network, Inc., 80 Ohio St.3d at 264. This decision fosters that goal by aiding a litigant in their fight against possible government mismanagement or wrongdoing.
 {¶ 19} Second, any limit to a private litigant's right to records under the Act would be entirely arbitrary. If Civ.R. 26 controls over the Act, only a private litigant would be unable to compel production of public records during the pendancy of his suit. Every other person not involved tangentially in the litigation would have unfettered access to those same exact records. The courts would never see the end of litigation regarding (1) whether or not the person requesting a public record was in any way, form, or fashion connected to any possible litigation occurring at that time, and (2) whether the requested record related at all to the pending suit or any discovery ruling made in the matter.
 {¶ 20} This court in no way encourages attorneys to purposefully disregard discovery rulings and delay court proceedings by using the Act to obtain further discovery denied by a judge. We would, of course, prefer to see attorneys work amicably with each other and the judiciary so that discovery disputes like the one at bar do not fester into mandamus actions. But, given our analysis of Steckman and Perrysburg, we find that the parties in this case do not dispute the material facts, and that the trial court should have denied Appellees' motion for summary judgment because the Appellees failed to show that the requested records are exempt under the Act. Appellant's purpose in requesting the records, and his pending lawsuit, are irrelevant to this analysis. Appellant's first assignment of error is upheld.
 Assignment of error II
"The [trial] court erred when it granted [Appellees] [s]ummary [j]udgment on [Appellant's] claims under the Ohio Public Records Act, when [Appellees] had previously waived any right they might [have] had to not disclose the documents at issue."
 {¶ 21} Given our decision regarding Appellant's first assignment of error, this assignment of error is moot.
 Assignment of error III
"The [trial] court erred when it denied [Appellant's] Motion for Summary Judgment."
 {¶ 22} In his third assignment of error, Appellant argues that the trial court erred in denying his motion for summary judgment.
 {¶ 23} This court, on numerous occasions, has recognized that the denial of a motion for summary judgment is not a final, appealable order. See Collings v. Midwestern Indem. Co., 9th Dist. No. 03CA008229,2003-Ohio-5609, at ¶ 4; Fraternal Order of Police, Akron Lodge No. 7v. Akron, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶ 5; Celebrezzev. Netzley (1990), 51 Ohio St.3d 89, 90. Therefore, unless an exception to the general rule applies, we do not have jurisdiction to decide the merits of this claim. See R.C. 2505.02(B)(2); Celebrezze,51 Ohio St.3d at 90. As no exception applies in this case, we refrain from deciding the merits of Appellant's third assignment of error.
 {¶ 24} Appellant's first assignment of error is upheld. Appellant's second assignment of error is moot. Appellant's third assignment of error has not been addressed. We reverse the judgment of the Summit County Court of Common Pleas and remand the cause for proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
WHITMORE, J., BATCHELDER, J. CONCUR