DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas dismissing appellant's complaint for failure to state a claim upon which relief can be granted.
 {¶ 2} The salient facts of this case, as derived from appellant's complaint, are as follows. In 2004, appellant/relator-plaintiff, Edward D. Jones, was employed, under an administrative contract, as the Director of Vocational and Adult Education by appellees-respondents-defendants, Sandusky City Schools and the Sandusky City School Board of Education (hereinafter collectively known as the "Board"). Unless renewed, appellant's contract expired on July 31, 2004.
 {¶ 3} On March 5, 2004, the Assistant Superintendent of Sandusky City Schools provided appellant with an evaluation that contained a positive assessment of appellant's employment skills, but did not express any recommendation on the question of appellant's future employment. Nevertheless, at a public Board meeting held on March 22, 2004, the Superintendent of the Sandusky City Schools recommended that appellant's contract be renewed for a period of two years. Subsequently, the Board recessed in order "to discuss the employment and/or dismissal of public employees" during an executive session. When the Board returned from its executive session, it considered the superintendent's recommendation to renew appellant's administrative employment contract, and, by a vote of three to two, decided not to renew that contract.
 {¶ 4} On January 28, 2005,[1] appellant filed a complaint in the lower court, asserting that the Board failed to follow statutory procedures in deciding not to renew his administrative contract. Appellant prayed for: (1) damages; (2) a judgment declaring that the proceedings held by the Board violated R.C. 121.22, Ohio's Sunshine Law, and the evaluation procedures set forth in R.C. 3319.02 and that appellant was entitled to automatic renewal of his employment contract; and (3) the issuance of a writ of mandamus ordering appellant's immediate reinstatement.
 {¶ 5} The Board then filed, pursuant to Civ.R. 12(B)(6), its motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted. Appellant filed a memorandum in opposition, and the Board a reply brief. On May 13, 2005, the trial court granted the Board's motion to dismiss. Appellant appeals and sets forth the following assignment of error for our review:
 {¶ 6} "The trial court erred in dismissing the complaint filed by plaintiff-relator/appellant, Edward D. Jones, pursuant to Civ.R. 12(B)(6)."
 {¶ 7} We start by holding that the appropriate procedural vehicle for a school administrator to seek reemployment, damages, and back pay for the nonrenewal of his or her employment contract is a petition for a writ of mandamus. See, e.g. State ex rel.Martines v. Cleveland City School Dist. Bd. of Edn. (1994),70 Ohio St.3d 416; State ex rel. Cassels v. Dayton City SchoolDist. Bd. of Edn. (1994), 69 Ohio St.3d 217. In order to grant a writ of mandamus, a relator must show that (1) he has a clear legal right to the relief prayed for; (2) respondent is under a corresponding legal duty to perform the requested act; and (3) relator has no plain and adequate legal remedy. Cassels,69 Ohio St.3d at 218-219, citing State ex rel. Glass, Molders,Pottery, Plastics Allied Workers Internatl. Union, Local 333,AFL-CIO, CLC v. State Emp. Relations Bd. (1993),66 Ohio St.3d 157, 158.
 {¶ 8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Hunt v. Marksman Prod., Div. of S/RIndustries, Inc. (1995), 101 Ohio App.3d 760, 762. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 549, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "`beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" University Community TenantsUnion (1975), 42 Ohio St.2d 242, 245, quoting Conley v. Gibson
(1957), 355 U.S. 41, 45-46.
 {¶ 9} Appellant first asserts that the trial court, in applying an "outdated" version of R.C. 3319.02(D), committed reversible error. Upon reading the trial court's judgment entry, we must agree with appellant that the trial court did not rely on R.C. 3319.02(D), as effective on September 26, 2003, in rendering its decision. Nevertheless, the court's error was harmless error because it did not affect any of appellant's substantial rights. See Civ.R. 61. Specifically, the case law construing R.C.3319.02(D) is still applicable and, pursuant to that case law, noncompliance with the evaluation procedures set forth in R.C.3319.02(D) "does not invalidate a board's action not to renew an administrative contract." Cassels, at 222. See, also,Martines, at 418.
 {¶ 10} R.C. 3319.02(D)(1) requires a school board to develop evaluation procedures for administrators and to consider those evaluations in deciding whether to renew a particular administrator's contract. R.C. 3319.02(D)(5) states that "[I]f a board fails to provide evaluations pursuant to division (D)(2)(c)(i) or (ii) of this section * * * the employee automatically shall be reemployed * * *" R.C.3319.02(D)(1)(c)(2)(ii), as effective on September 26, 2003, provides:
 {¶ 11} "In any school year that the employee's contract of employment is due to expire, at least a preliminary evaluation and at least a final evaluation shall be completed in that year. A written copy of the preliminary evaluation shall be provided to the employee at least sixty days prior to any action by the board on the employee's contract of employment. The final evaluationshall indicate the superintendent's intended recommendation tothe board regarding a contract of employment for the employee. A written copy of the evaluation shall be provided to the employee at least five days prior to the board's acting to renew or not renew the contract." (Emphasis added.)
 {¶ 12} Appellant relies on the amended emphasized language to argue that, in assuming that the facts set forth in his complaint are true, the superintendent's failure to include his intended recommendation concerning appellant's employment in his written evaluation was sufficient to defeat a Civ.R. 12(B)(6) motion to dismiss. Thus, he argues that, pursuant to R.C. 3319.02(D)(5), he is entitled to automatic reemployment. We disagree.
 {¶ 13} The added language simply adds another requisite to the contents of the evaluation. However, it does not negate the following key terms in R.C. 3319.02(D)(5), which read: "The establishment of an evaluation procedure shall not create an expectancy of continued employment. Nothing in division (D) of this section shall prevent a board from making the final determination regarding the renewal or nonrenewal of the contract of any * * * administrator." Moreover, because the amendment adds only to the content of the evaluation, it does not supercede prior case law finding that while R.C. 3319.02 (D) mandates an evaluation procedure, the statute provides no remedy for the failure of a board to comply with that procedure. Cassels, at 222. Consequently, the only time that an administrator is reemployed by operation of law occurs when a school board fails to give the administrator timely written notice of its intention not to renew his contract, as required by R.C. 3319.02(C). Id. See, also, Martines, at 417; Bertolini v. Whitehall CitySchool Dist. Bd. of Educ., 10th Dist. No. 02AP-839, 2003-Ohio-2578, at ¶ 31.
 {¶ 14} In the present case, appellant's complaint does not assert that the Board failed to give him timely written notice of its intent not to renew his employment contract. Thus, appellant had no legal right to reemployment, back pay, benefits and other damages, and appellant failed to state a claim upon which relief can be granted. Appellant's first assertion, is therefore, meritless.
 {¶ 15} Appellant next argues that the trial court erred in deciding that he failed to state a claim upon which relief, specifically, a declaratory judgment, could be granted for a violation of Ohio's Sunshine Law, R.C. 121.22. In particular, appellant alleges that the Board did not comply with R.C.121.22(G)(1) because it did not express the real reason that it was entering into an executive session. Appellant also maintains that due to this unstated reason for entering into an executive session, he had the right to be present or to request that the meeting be made public.
 {¶ 16} Pursuant to R.C. 121.22(G)(1), a public body may hold an executive session to consider, inter alia, the employment of a public employee or to investigate charges or complaints against a public employee. Prior to holding the executive session, the public body must, among other things, expressly state one or more of the approved purposes set forth in R.C. 121.22(G)(1). Id. Moreover, if the public employee requests a public hearing on the stated issue, the public body is required to hold that hearing. Id.
 {¶ 17} The intent of R.C. 121.22(G) is to require public entities, such as boards of education, to deliberate public issues in a public forum. Springfield Local School Dist. Bd. ofEduc. v. Ohio Assn. Public School Emp., Loc. 530 (1995),106 Ohio App.3d 855, 863. (Citation omitted.). A violation of an open meeting requirement invalidates any action taken by a board. Id., citing Barbeck v. Twinsburg Twp. (1992), 73 Ohio App.3d 587, 595
and R.C. 121.22(F). Nonetheless, there must be some evidence in the record of a case showing that a board reached its decision as the result of nonpublic deliberations that happened in an executive session. Id. at 863-64, citing Moraine v. MontgomeryCty. Bd. of Commrs (1981) 67 Ohio St.2d 139, 145. See, also,State ex rel. Schuette v. Liberty Twp. Bd. of Trustees, 5th Dist. No. 03-CAH-11064, 2004-Ohio-4431, at ¶ 27; Doran v.Northmont Bd. of Edn., 147 Ohio App.3d 268, 2002-Ohio-386, at ¶16. "Question and answer sessions between board members and other persons who are not public officials do not constitute `deliberations' unless a majority of the board members also entertain a discussion of public business with one another."Springfield Local School Dist. Bd. of Educ., at 864, citingHoleski v. Lawrence (1993), 85 Ohio App.3d 824, 830.
 {¶ 18} In the case under consideration, appellant's complaint states that at the March 22, 2004 public meeting, the Board moved to recess for the purpose of holding an executive session "to discuss the employment and/or dismissal of public employees." It is undisputed that this is an acceptable purpose for an executive session under R.C. 121.22(G)(1). Appellant's complaint also alleges that the actual, and unstated, purpose of the executive session was "to investigate charges and/or complaints against individual employees of the school district * * *." Nonetheless, appellant's complaint fails to allege that the Board's decision not to renew his employment contract resulted from "nonpublic deliberations" made in the Board's executive session. Therefore, appellant did not state a violation of Ohio's Sunshine Law upon which relief could be granted, and appellant's second argument is without merit.
 {¶ 19} Based upon the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Apparently, appellant filed a previous complaint related to the nonrenewal of his administrative contract and later voluntarily dismissed that case, without prejudice. None of the parties requested a transfer of the pleadings and/or evidence filed in the prior case to the instant case. Therefore, neither the trial court nor this court can consider any pleadings that were filed in the prior case. Greenwood Rehab., Inc. v. Boxell,
6th Dist. No. L-04-1256, 2005-Ohio-2492, at ¶ 28 (Citations omitted.).