STATE, EX REL. BEERMAN, *v.* CITY OF KETTERING ET AL.

(No. 2653—Decided August 9, 1963.)

*Messrs. Goldman, Cole & Putnick* and *Mr. Frederick C. O'Grady,* for relator.

*Messrs. Bieser, Greer & Landis,* for respondents.

KERNS, P. J. This is an action in mandamus originating in this court. The relator seeks a writ requiring the respondents to grant a zoning certificate and to compel the issuance of building permits for the construction of a retail shopping facility with self-contained parking in an area now designated as "Residential 1" and "Residential 3" by the Kettering zoning ordinances.

The respondents' initial challenge to the prayer of the petition is predicated upon the ground that mandamus is not the proper remedy to test the validity of the zoning ordinances which restrict the relator's property to residential use, and although some apprehension always accompanies the disposition of any case on procedural grounds alone, we cannot say that the respondents' argument upon this phase of the present case is without merit. The law is well-settled in Ohio that mandamus will not lie where there is an adequate legal or equitable remedy. 35 Ohio Jurisprudence (2d), 278, Section 31. Its object is to supply the want of a legal or equitable remedy rather than to supplant or supersede every other form of remedy. Therefore, to authorize the issuance of a writ of mandamus, two things must coexist: (1) The absence of a plain and adequate remedy in the ordinary course of law and (2) the clear right to have the act performed. 35 Ohio Jurisprudence (2d), 272, Section 26.

In the case of *State, ex rel. River Grove Park, Inc.,* v. *City of Kettering,* 118 Ohio App., 143, this court suggested a number of remedies other than mandamus to challenge the validity of a zoning ordinance, and specifically acknowledged the following observation from the case of *Shaker Coventry Corp.* v. *Shaker Heights Board of Zoning Appeals,* 115 Ohio App., 472:

"Thus, it will be noted that the latest decisions by the Courts of Appeals and by the Supreme Court are to the effect that the proper remedy to test the validity of zoning ordinances and for a judicial review of the final orders of administrative boards of municipalities is by way of appeal under the procedure provided for in Chapter 2506 of the Revised Code."

As a matter of fact, an appeal of the same cause now under consideration is presently pending under the procedure provided for in Chapter 2506 of the Revised Code. It is obvious, therefore, from the standpoint of adequacy, that mandamus is not an exclusive remedy.

But we prefer not to rest our conclusion upon a determination of the remedial question alone. To prevail in a mandamus action, the relator must also show a clear legal right to the relief sought.

For this reason, we have proceeded to examine the record containing over two thousand pages of testimony and more than a hundred exhibits. Unfortunately, the dimensions of the record give a false impression of its evidential value. Pertinent and proper testimony appears only sporadically therein.

The land sought to be rezoned in this case is a 12-acre tract located at the northwest corner of Far Hills Avenue and David Road in the city of Kettering.

It is situated only a short distance north of a 16-acre tract of land which was the subject of a similar mandamus action considered and decided by this court on April 2, 1962. *State, ex rel. River Grove Park, Inc.,* v. *City of Kettering, supra.*

In the *River Grove case,* as in the present case, the land involved was zoned for residential use pursuant to a comprehensive zoning plan adopted by the city of Kettering. In that case, as here, the relator sought to have the property rezoned for business use. Many of the arguments now before us were also considered by the court in that case, and the prayer for a writ of mandamus was denied.

Although courts have repeatedly said that the reasonableness and validity of each zoning case must be determined upon its own facts and circumstances, we are of the opinion that the character of the land involved in the *River Grove case* is not sufficiently distinguishable from the character of the land involved in the present case to justify any departure from our previous conclusions in that case. Nor have we found any pertinent facts in this record so extraordinary as to persuade us to withdraw this case from the application of the precedent established in the *River Grove case.* As quoted therein, "mere diminution of market value or interference with the property owner's personal plans and desires relative to his property is insufficient to invalidate a zoning ordinance or to entitle him to a variance. Similarly, the fact that property is more valuable for an excluded use does not in itself void a zoning restriction. Consistently with these principles, a zoning ordinance may classify property for residential purposes although

it can more profitably or beneficially be used for commercial purposes * * *." 8 McQuillin on Municipal Corporations, 101, Section 25.44, as quoted from *Cleveland Trust Co.* v. *Village of Brooklyn,* 92 Ohio App., 351, appeal dismissed, 158 Ohio St., 258.

In this case, the relator has zealously challenged the expediency and wisdom of the legislation which restricts his property to residential use. But the land in question is not unique. It compares with other land facing Far Hills Avenue in the same area which is also zoned residential, and being used for residential purposes, although susceptible of a higher and better use.

If the doors of business are opened for one in the immediate area, the doors of business are necessarily opened for all. One variance not only serves as justification for another, but renders the denial of another unjust and unreasonable. This obvious truth cannot be altered by hyper-refined distinctions without undermining and ultimately shattering the zoning legislation enacted for the general welfare of the entire area.

It is the best interest of the entire district, rather than the adaptability of a particular piece of property, that determines the reasonableness of a zoning ordinance. See *Urmston* v. *City of North College Hill,* 114 Ohio App., 213.

Zoning is purely a legislative function. The expediency, advisability, and wisdom of such legislation is not therefore a proper subject of judicial inquiry unless there is plainly and palpably no relation between the legislation and the public welfare. It has frequently been said that the illegality of zoning legislation "must be plain, apparent and beyond debate" before courts are justified in declaring it invalid or unconstitutional.

The issue involved in the present case, as disclosed by the record, has been the subject of considerable debate. Here, the evidence, when considered in view of governing and well-settled principles of law, does not sustain the burden of showing a clear legal right to the relief sought.

The prayer for a writ of mandamus must therefore be denied.

*Writ denied.*

SHERER and CRAWFORD, JJ., concur.