In re Application of Latham et al.

188

*Messrs. Chester & Rose* and *Mr. William L. Johncox,* for appellants.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. John C. Elam,* for appellees.

KERNS, J.  This is an appeal on questions of law from an order of the Court of Common Pleas of Franklin County.

An application for rezoning was filed by the appellants pursuant to the provisions of Section 303.12, Revised Code, seeking to have the zoning of approximately one hundred three acres located at the southeast corner of Roberts and Wilson Roads in Norwich Township changed from residential and agricultural to general commercial.

The Franklin County Regional Planning Commission recommended approval of the application, but after a public hearing on November 30, 1964, the County Rural Zoning Commission recommended that the application be disallowed.

After receipt of the recommendation of the County Rural Zoning Commission, the Franklin County Commissioners conducted a public hearing on the matter, and, on January 28, 1965, adopted the recommendation of the zoning commission.  The appellants then appealed to the Court of Common Pleas of Franklin County.

On July 1, 1965, the Court of Common Pleas dismissed the appeal for lack of jurisdiction, and the present appeal is from that order.

Thus, the sole issue presented herein is whether the Court of Common Pleas, pursuant to Section 307.56 and Chapter 2506 of the Revised Code, has jurisdiction to hear an appeal from the action of the Board of County Commissioners denying an application for rezoning.

Ordinarily, zoning is characterized as a legislative function. 101 Corpus Juris Secundum 660; *Cleveland Trust Co.* v. *Village of Brooklyn,* 92 Ohio App. 351; *State, ex rel. Beerman,* v. *City of Kettering,* 120 Ohio App. 309, 312; *In re Appeal of Clements,* 2 Ohio App. 2d 201.  And county commissioners are given speci-

fic statutory authority to enact zoning legislation. Section 303.02, Revised Code. See, also, 58 Ohio Jurisprudence 2d 505 and 572, Sections 32 and 102.

Hence, the case of *Berg* v. *City of Struthers*, 176 Ohio St. 146, appears to weigh heavily upon the issue before us. Although that case involved a municipal corporation, the Supreme Court of Ohio therein definitely stamped the nature of an act similar to the act performed by the county commissioners in the present case as "legislative action," and we fail to perceive any metamorphic quality in leglislative action which might change it to judicial or administrative action when moved from the city to the county. The source of the act does not in any sense determine its character. See *Schlagheck* v. *Winterfeld,* 108 Ohio App. 299, which holds that a board of township trustees (which, like a board of county commissioners, is a quasi-corporate body) exercises a legislative function in adopting or amending a zoning ordinance.

It follows therefore that the *Berg case* would be completely dispositive of this appeal were it not for Section 307.56, Revised Code, which provides as follows:

"A person aggrieved by the decision of the board of county commissioners may appeal to the Court of Common Pleas, as provided by and under the authority of Chapter 2506. of the Revised Code. * * *."

Prior to its amendment in 1963, Section 307.56 read in part as follows:

"A person aggrieved by the decision of the board of county commissions in any case, may appeal within fifteen days to the Court of Common Pleas, notifying the board of such appeal at least ten days before the time of trial. * * *."

Even this earlier version of the statute, which included the comprehensive language "in any case," was not construed to embrace appeals from every decision of the county commissioners. *Southard* v. *Stephens, Treas.*, 27 Ohio St. 649; *Bowersox* v. *Commrs. of Seneca County*, 20 Ohio St. 496; *Mentor Lagoons, Inc.*, v. *The Board of County Commissioners* (Court of Appeals), 145 N. E. 2d 495, appeal dismissed, 165 Ohio St. 520; *Commissioners of Noble County* v. *Hunt & Co.*, 33 Ohio St. 169; 14 Ohio Jurisprudence 2d 242, Section 57.

However, the appellants in the present case argue enthu-

siastically that Section 303.12, Revised Code, was amended to delete certain provisions providing for zoning appeals from the Board of County Commissioners to the Court of Common Pleas at or about the same time (1957) that Chapter 2506 was enacted, thus evidencing an intention on the part of the Legislature to center such appeals in the administrative appeals chapter. We recognize the merit of this argument, but another well-established rule of construction requires us to presume that the Legislature was familiar with existing statutes when Chapter 2506 was adopted. At that time, Section 2505.24, Revised Code, which is embraced by Section 2506.01, specifically limited the appellate jurisdiction of the Court of Common Pleas to orders made by a "tribunal, board, or officer, exercising *judicial* functions." Furthermore, the Legislature must be presumed to have known of any limitations upon "the authority of Chapter 2506" (*Remy* v. *Kimes*, 175 Ohio St. 197) when it amended Section 307.56 in 1963, and Section 307.56 in its present form furnishes no broader appellate authority than that provided in Chapter 2506 of the Revised Code.

In summary, therefore, we are of the opinion that the refusal of the county commissioners to grant the requested zone change constitutes legislative action *(Berg* v. *City of Struthers);* that Chapter 2506 does not provide for appeals from legislative acts (*Remy* v. *Kimes*); and that Section 307.56, Revised Code, by its express language, is dependent for appellate jurisdiction upon the authority of Chapter 2506.

Accordingly, the judgment of the Court of Common Pleas will be, and hereby is, affirmed.

*Judgment affirmed.*

GUERNSEY and TROOP, JJ., concur.

KERNS, J., of the Second Appellate District, and GUERNSEY, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.