CITY OF MORAINE, APPELLANT, *v.*
BOARD OF COUNTY COMMISSIONERS
OF MONTGOMERY COUNTY ET AL., APPELLEES.

BROWN ET AL.; HARRISON ET AL., APPELLANTS, *v.*
CRESS ET AL., APPELLEES.

[Cite as Moraine v. Bd. of County Commrs. (1981),
67 Ohio St. 2d 139.]

(No. 80-1101—Decided July 8, 1981.)

140

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Richard C. Brahm, Mr. Phillip B. Herron* and *Mr. Robert E. Albright,* for appellants.

*Mr. Chris R. Van Schaik* and *Mr. Kenneth R. Pohlman,* for appellee Board of County Commissioners.

*Austin & Jones Co., L.P.A., Mr. Taylor Jones, Jr., Mr. Richard Austin, Messrs. Smith & Schnacke* and *Ms. Beverly F. Shillito,* for appellees North Sanitary Landfill, Inc., and Cress.

*Per Curiam.*

### I.

Appellants' first proposition of law is two-fold.

Initially, appellants assert, in essence, that, since the board of county commissioners is not specifically authorized to reconsider its own prior zoning decision, it must initiate the full procedural requirements as prescribed by R. C. 303.12 before reconsidering its own prior zoning decision.

We find no merit in this contention and hold that the county commissioners do have the inherent authority to reconsider their own legislative decisions.

R. C. 303.12[1] expressly confers upon the board of county

---

[1] R. C. 303.12 provides, as follows:

commissioners the authority to rezone a parcel of property by amendment of a county's comprehensive zoning plan. This

"Amendments or supplements to the zoning resolution may be initiated by motion of the county rural zoning commission, by the passage of a resolution therefor by the board of county commissioners or by the filing of an application therefor by one or more of the owners or lessees of property within the area proposed to be changed or affected by the proposed amendment or supplement with the county rural zoning commission. The board of county commissioners shall upon the passage of such resolution certify it to the county rural zoning commission.

"Upon the adoption of such motion, or the certification of such resolution or the filing of such application the county rural zoning commission shall set a date for a public hearing thereon, which date shall not be less than twenty nor more than forty days from the date of adoption of such motion or the date of the certification of such resolution or the date of the filing of such application. Notice of such hearing shall be given by the county rural zoning commission by one publication in one or more newspapers of general circulation in each township affected by such proposed amendment or supplement at least fifteen days before the date of such hearing.

"If the proposed amendment or supplement intends to re-zone or re-district ten or less parcels of land, as listed on the tax duplicate, written notice of the hearing shall be mailed by the zoning commission, by first class mail, at least twenty days before the date of the public hearing to all owners of property within and contiguous to and directly across the street from such area proposed to be re-zoned or re-districted to the addresses of such owners appearing on the county auditor's current tax list or the treasurer's mailing list and to such other list or lists that may be specified by the board of county commissioners. The failure of delivery of such notice shall not invalidate any such amendment or supplement. The published and mailed notices shall set forth the time and place of the public hearing, the nature of the proposed amendment or supplement and a statement that after the conclusion of such hearing the matter will be referred for further determination to the county or regional planning commission and to the board of county commissioners as the case may be.

"Hearings shall be held in the county court house or in a public place designated by the zoning commission.

"Within five days after the adoption of such motion or the certification of such resolution or the filing of such application the county rural zoning commission shall transmit a copy thereof together with text and map pertaining thereto to the county or regional planning commission, if there is such a commission.

"The county or regional planning commission shall recommend the approval or denial of the proposed amendment or supplement or the approval of some modification thereof and shall submit such recommendation to the county rural zoning commission. Such recommendation shall be considered at the public hearing held by the county rural zoning commission on such proposed amendment or supplement.

"The county rural zoning commission shall, within thirty days after such hearing, recommend the approval or denial of the proposed amendment or supplement, or the approval of some modification thereof and shall submit such recommendation together with such application or resolution, the text and map pertaining thereto and the recommendation of the county or regional planning commission thereon to the board of county commissioners.

authority to rezone is clearly a legislative function. *Forest City Enterprises* v. *Eastlake* (1975), 41 Ohio St. 2d 187, 189; *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1; *Tuber* v. *Perkins* (1966), 6 Ohio St. 2d 155; *Berg* v. *Struthers* (1964), 176 Ohio St. 146.

Although there is no specific statutory grant of authority for reconsideration, the board of county commissioners, when acting in a legislative capacity, do have the inherent power to reconsider their own prior legislative zoning decisions. This rationale was espoused in *State, ex rel.,* v. *Board of Public Service of Columbus* (1909), 81 Ohio St. 218, at pages 224-225, where the court aptly stated:

"***That rule, well settled by numerous adjudications, is to the effect that the action of such bodies respecting legislative***matters is not always conclusive and beyond recall, but that they are possessed of *inherent power to reconsider their action* in matters of that nature, and adopt if need be the opposite course***, the power to thus act being a continuing

---

"The board of county commissioners shall, upon receipt of such recommendation, set a time for a public hearing on such proposed amendment or supplement, which date shall be not more than thirty days from the date of the receipt of such recommendation from the county rural zoning commission. Notice of such public hearing shall be given by the board by one publication in one or more newspapers of general circulation in the county, at least fifteen days before the date of such hearing.

"The published notice shall set forth the time and place of the public hearing and a summary of the proposed amendment or supplement.

"Within twenty days after such public hearing the board shall either adopt or deny the recommendation of the zoning commission or adopt some modification thereof. In the event the board denies or modifies the recommendation of the county rural zoning commission the unanimous vote of the board shall be required.

"Such amendment or supplement adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment or supplement there is presented to the board of county commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board to submit the amendment or supplement to the electors of such area, for approval or rejection, at the next primary or general election.

"No amendment or supplement for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification by the board of elections that the amendment has been approved by the voters it shall take immediate effect."

power.\*\*\*'' (Emphasis added.) Accord, *Thornton* v. *Duffy* (1918), 99 Ohio St. 120.

In zoning matters, the great weight of authority holds that a legislative body should be allowed to reconsider the passage of prior legislation, to wit: proposed amendments to the comprehensive zoning plan, absent a restrictive statute or ordinance. See 1 Anderson, American Law of Zoning (2 Ed.), 241, Section 4.28. Thus, even though there is no specific statutory authority in reference to reconsideration, the county commissioners have the inherent authority to reconsider unless there is a specific statutory restriction to do so.

In 2 Rathkoft, The Law of Zoning and Planning (1977) (4th Ed.), Section 22-01[6], the treatise concludes the above-cited section by noting numerous cases for its initial statement that, "[i]n the majority of cases\*\*\*[when] a new vote was taken, it was held the matter might be reconsidered and a new vote taken without the necessity of a new public hearing."

Based upon the foregoing, we hold that legislative activity, such as amendments to a comprehensive zoning plan, may be reconsidered only if, as in the instant cause, there is no change or modification from the original proposal.

In the second prong of their first proposition of law, appellants assert, in essence, that appellees' appeal to the Court of Common Pleas divested the commissioners of any further jurisdiction over this matter. In the cause *sub judice,* the Court of Common Pleas had no jurisdiction to entertain the appeal, which was filed pursuant to R. C. 2506.01.

It is well settled herein that the denial of an amendment to a comprehensive zoning plan is a legislative function. As such, an appeal, pursuant to R. C. Chapter 2506, is not proper or available. It is rudimentary that legislative decisions are not appealable, pursuant to R. C. 2506.01. *Tuber, supra; Berg, supra; Remy* v. *Kimes* (1963), 175 Ohio St. 197; and *In re Application of Latham* (1965), 5 Ohio App. 2d 187.[2]

---

[2] Appellants enthusiastically rely on *Mariemont, Inc.,* v. *Schaefer* (1961), 171 Ohio St. 481, which considered the issue of whether the board of county commissioners had continuing jurisdiction to redetermine an annexation proceeding after it had already been litigated in the Court of Common Pleas and also appealed from there.

*Mariemont, supra,* however, can not be paralleled with the instant cause, in that the court proceedings in *Mariemont* involved an administrative appeal, pursuant to R. C. Chapter 2506. The factual context of the instant cause clearly distinguishes *Mariemont,* and, therefore, it is not relied upon in our determination.

Since appellees' appeal was ineffective to divest the board of county commissioners of jurisdiction over this matter, the board's reconsideration of its prior legislative action was properly within its powers.

Based upon the foregoing, appellants' initial proposition of law is without merit.

## II.

Appellants, in their second proposition of law, assert, in essence, that the Sunshine law, R. C. 121.22, was violated at the regularly scheduled meeting of the board of county commissioners when the board held an executive session just prior to deciding the issue of controversy of the instant cause. The trial court, when presented with this issue, concluded:

"***In short the executive session was not a prearranged meeting outside of the public hearing wherein considered decision making concerning the landfill rezoning took place. Moreover, the intent of the Sunshine Law, that deliberations concerning public issues be made public, could not be further served by invalidating a decision insofar as such deliberations were laid before the public eye."

The Court of Appeals, when pressed with this same proposition, concluded that "[t]here is no evidence however that the Board of Commissioners arrived at its decision on the rezoning amendment through the non-public deliberations in executive session."

Upon a review of the record, we agree with the holding of the lower courts and, thereby, find appellants' second proposition of law to be without merit.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. Brown, P. Brown, Sweeney, Locher, Holmes and C. Brown, JJ., concur.

Celebrezze, C. J., dissents.