OPINION
{¶ 1} Plaintiff-appellants, George A. More, Sally More and Excalibur Development Corp. (hereinafter collectively "appellants"), appeal a decision of the Clermont County Court of Common Pleas denying their requests for a declaratory judgment and a permanent injunction. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} George and Sally More are the record owners of 39.526 acres of property located on the south side of Clough Pike immediately east of the Heatherstone Condominiums in Batavia Township, Clermont County, Ohio (the "property"). In 1973, Batavia Township granted an application by the previous owner of the property to re-zone 57.466 acres from "A" Agricultural District to a Residential Planned Unit Development ("PUD"). The property at issue (39.526 acres) was included in this original PUD.
 {¶ 3} The project was undertaken in phases and the initial construction involved the building of 48 units, together with a clubhouse and other recreational facilities. During the construction of the 48 units, the owner changed the units from condominium ownership to "deed out" ownership which was approved by the Batavia Township Trustees ("Trustees") by resolution enacted in January of 1975.
 {¶ 4} After the construction of the original 48 units, no further development was undertaken on the property. The property is in essentially the same condition as at the time of the original 1973 application.
 {¶ 5} George and Sally More acquired the 39.526-acre parcel in 1994. On November 20, 2000, they entered into a contract to sell the property to Excalibur. Excalibur filed an application for a preliminary development plan with the Batavia Township Zoning Department in March of 2001. Excalibur sought to modify the original 1973 preliminary development plan for the PUD.
 {¶ 6} On March 27, 2001, the Clermont County Planning Commission voted to recommend approval of the modifications to the original 1973 preliminary development plan with certain conditions. On April 9, 2001, the Batavia Township Zoning Commission ("BZC") met to review the application. The BZC held a public hearing where many concerns were voiced by residents. It then closed the public meeting for a board discussion. At the conclusion of the meeting, the BZC voted unanimously against approving the modifications.
 {¶ 7} On June 5, 2001, after a public hearing, the Trustees voted unanimously to adopt the recommendation of the BZC and deny the application for modification of the original preliminary development plan.
 {¶ 8} On June 21, 2001, appellants filed a complaint for declaratory judgment and injunction, arguing that the Trustees acted illegally and unconstitutionally by denying Excalibur's proposed modification to the original preliminary development plan. The trial court did not grant the declaratory judgment or the injunctive relief. Appellants appeal raising two assignments of error.
Assignment of Error No. 1
"The trial court erred by failing to grant declaratory judgment finding that the appellees' zoning decision was arbitrary, unreasonable and unconstitutional."
 {¶ 9} Appellants filed a declaratory judgment action asking the trial court to find that the Trustees' zoning decision was arbitrary, unreasonable and unconstitutional. They further argue that the Trustees' decision to not modify the PUD was legislative and not administrative in nature.
 {¶ 10} "The constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued." Karches v. City of Cincinnati (1988), 38 Ohio St.3d 12, paragraph one of the syllabus.
 {¶ 11} Appellants contend that the Trustees' zoning decision was legislative and not administrative in nature. In general, legislative decisions are not appealable pursuant to R.C. 2506.01. Moraine v. Bd. ofCounty Commrs. (1981), 67 Ohio St.2d 139, 144. However, pursuant to R.C.519.021(B), after a PUD has been approved, "any approval or disapproval of subsequent use or development of property in a (PUD) as being in compliance with regulations established as authorized by this division shall not be considered to be an amendment or supplement to a township zoning resolution for the purpose of section 519.12 of the Revised Code, but may be appealed pursuant to Chapter 2506. of the Revised Code."
 {¶ 12} Further, the Ohio Supreme Court stated that where specific property is already zoned as a PUD, approval of subsequent development as being in compliance with the existing PUD standards is an administrative act and therefore not subject to referendum. State ex rel. Zonders v.Delaware County Bd. of Elections (1994), 69 Ohio St.3d 5, 13. As such, appellants had the option of filing either an administrative appeal or a declaratory judgment action or both.
 {¶ 13} Here, appellants filed a declaratory judgment action. However, a declaratory judgment action only challenges the existing
zoning ordinance's overall constitutionality. Id. at 16 (emphasis added); Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals, 66 Ohio St.3d 452, 453, 1993-Ohio-115. A declaratory judgment action is independent of the administrative proceedings and is not a review of the final administrative order. Concerned Citizens,66 Ohio St.3d at 453.
 {¶ 14} Appellants have not challenged the existing PUD zoning as unconstitutional. In fact, they have sought to preserve the zoning in their second assignment of error. Appellants must exhaust their remedies prior to instituting a declaratory judgment action to determine the validity of a zoning ordinance as it applies to a specific parcel of property. Karches, 38 Ohio St.3d at 17.
 {¶ 15} The Ohio Supreme Court in Karches did find that there are two exceptions to this general rule. If there is no administrative remedy available which can provide the relief sought, or if the remedies would be wholly futile, exhaustion is not required. Id. Exhaustion of remedies is also unnecessary when the available remedy is onerous or unusually expensive. Id.
 {¶ 16} In this case, appellants have a remedy available to them. They can pursue an administrative appeal pursuant to R.C. Chapter 2506. Further, there is nothing in the record to indicate that an administrative appeal would be unusually onerous or expensive. As such, the trial court properly denied appellants' declaratory judgment action. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2
"The trial court erred by refusing to issue a permanent injunction prohibiting the revocation of the Heatherstone Pud as applied to the appellants' property."
 {¶ 17} Appellants contend that the trial court should have issued a permanent injunction to enjoin the Trustees from revoking the PUD. Appellants maintain that they have invested time and resources into the property and so the court should not allow the Trustees to revoke the PUD zoning in the future.
 {¶ 18} An injunction is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot. Sternberg v. Bd. Of Trustees (1974), 37 Ohio St.2d 118, 118.
 {¶ 19} The grant or denial of an injunction is solely within the trial court's discretion; therefore, a reviewing court should not disturb the judgment absent a showing of a clear abuse of discretion. Perkins v.Village of Quaker City (1956), 165 Ohio St. 120, 125. A court of law should exercise great caution when it enjoins the functions of other branches of government. Garano v. State (1988), 37 Ohio St.3d 171, 173.
 {¶ 20} Appellants contend that a permanent injunction should be imposed against Batavia Township in order to prevent it from considering any future legislative acts concerning the rezoning of the PUD. R.C.519.021 grants a township the power to create and modify a PUD. There are adequate remedies at law for appellants to pursue to appeal a future township decision to rezone the PUD. Any appeals for decisions made concerning a PUD or any amendments made to zoning are to be disposed of pursuant to R.C. 519.12. If the township rezoned the PUD, appellants could pursue an administrative appeal or a declaratory judgment action. R.C.519.12; Karches, 38 Ohio St.3d at 15. The township has not changed the zoning classification of the PUD. As such, the trial court was correct in denying the permanent injunction. Appellants' second assignment of error is overruled.
 {¶ 21} The trial court's judgment is affirmed.
YOUNG and VALEN, JJ., concur.