OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff John Schuette appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, dismissing his complaint against defendant the Board of Trustees of Liberty Township and two township trustees, Kim Cellar and John Warner, both in their official capacities. The trial court found appellant had failed to state a claim upon which relief could be granted. Appellant assigns a single error to the trial court:
 {¶ 2} "The common pleas court erred by dismissing schuette's complaint because a quorum of a board of township trustees has no authority to convene prearranged sessions except as "meetings" conforming with the ohio's sunshine law, R.C. 121.22"
 {¶ 3} Appellees correctly point out courts may dismiss a complaint pursuant to Ohio Rule 12(B)(6) for failure to state a claim upon which relief may be granted if it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief,York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,573, N.E.2d 1063. In construing a complaint challenged by a motion to dismiss for failure to state a claim, the trial court must presume all factual allegations of the complaint are true and draw all reasonable inferences in favor of the non-moving party.
 {¶ 4} Our standard of reviewing judgments entered pursuant to Civ. R. 12(B)(6) is de novo, because it presents a question of law. When we review a matter de novo, we use the same standard of review the trial court applied. Thus, our review here is extremely limited, and we may look only to the complaint to determine whether the matter should be allowed to continue. InMitchell v. Lawson Milk Company (1988), 40 Ohio St.3d 190,532 N.E.2d 753, the Ohio Supreme Court noted a plaintiff is not required to prove his or her case at the pleadings stage, and as long as there is a set of facts consistent with the complaint which would allow the plaintiff to recover, the trial court should not grant a defendant's motion to dismiss.
 {¶ 5} Appellant's complaint in mandamus and for injunctive relief alleges appellant is a resident of Liberty Township, Delaware County, Ohio. Appellees are a public body as defined in R.C. 121.22, the Ohio "Open Meetings" Law. The two individually named trustees acting together constitute a majority quorum of the Board of Township Trustees.
 {¶ 6} The complaint alleges on August 21, 2002, and possibly on September 5, 2002, the Board of Trustees acting through appellees secretly met in a pre-arranged meeting, along with a hand picked exclusive group of selected township residents and business interests to discuss the public business of Liberty Township, in violation of the Ohio Open Meetings Law. Appellees called the secret meeting by way of a letter distributed to certain residents and business interests, and specifically stated the meeting was to discuss the potential merger of Liberty Township with the City, [sic] of Powell. Appellant attached a copy of the letter as exhibit "A".
 {¶ 7} The general public and press were excluded from the meetings. The Board did not provide public notice of the time, place and purpose of the meeting, as required by R.C. 121.22. The Board did not prepare, file, or maintain minutes of the meeting or make minutes available to the general public on request. Citizens of the township and a representative of the Olentangy Valley News Reporter specifically requested permission to attend the meetings, but were told they were not permitted to do so.
 {¶ 8} The meeting of August 21 was held on public property at public expense, at the Liberty Township firehouse.
 {¶ 9} Appellant's complaint alleges insofar as a merger between the township and the City of Powell could have drastic tax consequences for township residents, there is an immediate threat of irreparable harm if appellees continue to meet in secret.
 {¶ 10} In support of the complaint for mandamus, appellant's complaint alleges there is a clear legal duty to conduct public meetings in accord with the Ohio Open Meetings Law and appellees have violated these duties. The complaint alleges there is no adequate remedy at law except to apply for a preemptory writ of mandamus which would require the appellees to perform their legal duties in compliance with the Ohio Open Meetings Law.
 {¶ 11} In support of appellant's complaint for injunction, appellant alleges appellees have been put on notice that their conduct violates the open meeting laws, but continue to meet secretly with select individuals and business interest under the claim that a merger with the City of Powell is not township business. Unless enjoined from doing so, appellees will continue to meet secretly and use the outcome of the secret deliberations as a basis for perfunctory formal action at subsequent public trustee meetings.
 {¶ 12} The letter appellant attached to the complaint states: "Thank you for your past interest and comments regarding the potential merger of Liberty Township with the City of Powell. I would like to bring together interested individuals of this topic for a private, non-public meeting on Wednesday, August 21, at 7:00 p.m. at the Liberty Township Firehouse to learn more about the merger process, its benefits, and its liabilities. Please plan to share this information with any individuals who may have an opinion, but also understand that for the purposes of this meeting only those named below have received an invitation by virtue of their continued interest in this topic."
 {¶ 13} The letter goes on to detail what it refers to as "thought-provoking comments" about the topic:
 {¶ 14} * Providing township-wide police services
 {¶ 15} * Ending township property tax millage collection by expanding the income tax township-wide, BUT also providing a 100% roll-back of the income tax to township residents who already pay city income tax where they work, restoring residents' ability to achieve planning goals (by preventing annexation controversies where developers win by playing off township against city).
 {¶ 16} *Saving taxpayers' dollars by uniting road, park, building construction and zoning services to speed efficiency of governmental services,
 {¶ 17} *Saving taxpayers' dollars by restructuring governmental and representational administration,
 {¶ 18} *Cooperating in the comprehensive planning process as prescribed in the current CEDA agreement for Golf Village, and preventing annexation of township lands into the cities of Delaware and Columbus.
 {¶ 19} The letter also sets forth a draft agenda which could include:
 {¶ 20} A. Introductions and Interests (all)
 {¶ 21} B. Understanding of the Merger Process (Brousius and Curt Sybert)
 {¶ 22} C. Experience with Merger Attempts (Gary Best)
 {¶ 23} D. Benefits and Liabilities of a Potential Merger
 {¶ 24} E. Roundtable Discussion (all)
 {¶ 25} F. Next Meeting (s)? First Public Meeting?
 {¶ 26} Appellee Kim Cellar's name is listed as the person who sent the letter, and copies were sent to twelve persons, presumably, the invitees.
 {¶ 27} The intent of the Sunshine law is to require governmental bodies to deliberate public issues in public,Moraine v. Montgomery County Board of Commissioners (1981),67 Ohio St.2d 139, 423 N.E.2d 184. If the governmental body reaches its decision through non-public deliberations, the decision is invalid, Id. An individual may bring an action to protect the public's right to know, and this may well be considered a public benefit, see, State ex rel. Multimedia, Inc.v. Whalen (1990), 51 Ohio St.3d 99, 554 N.E.2d 1321.
 {¶ 28} R.C. 121.22 (A) directs the section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law. The statute defines the term "Meeting" as a prearranged discussion of the public business of the public body by a majority of its members. The excepted meetings are listed as: Grand Juries; audit conferences conducted by the auditor of the state or independent certified public accountants with officials of a public office; the adult parole authority conducting a hearing solely for the purpose of interviewing inmates to determine parole or pardon; organized crime investigations; meetings of a child fatality review board; meetings of the state medical board, the board of nursing, the board of pharmacy, or the board of chiropractic when determining whether to suspend a license without a hearing; and meetings of the executive committee of the emergency response commission when determining whether to issue an enforcement order or request that a civil action, civil penalty action, or criminal action be brought. The statute also permits the public body to close a meeting during consideration of certain confidential information. However, the vote of the public body must be open to the public.
 {¶ 29} To invoke the provisions of the R.C. 121.22, a complaint must allege each of the elements of a meeting as defined by the statute: (1.) A pre-arranged (2.) Discussion (3.) Of the public business of the public body (4.) By a majority of its members. Appellant's complaint alleges (1.) A pre-arranged (2.) Meeting in a public place and at public expense (3.) To discuss the public business of Liberty Township (4.) By two of its trustees. Of these four elements, only the third is problematic: Does the meeting involve the public business of Liberty Township?
 {¶ 30} R.C. 121.22 exempts certain public bodies/public businesses from the statutory requirements. Appellees do not allege the meeting involved matters exempted by law from the Sunshine Act, and our review of the proposed agenda leads us to conclude none of the exemptions apply here.
 {¶ 31} Both appellant and appellees cite us to numerous appellate decisions regarding what does or does not constitute the public business of a public body, sufficient to trigger this statute. These cases present in a variety of procedural postures, but none involve Civ. R. 12. Instead, the cases address their individual merits and are fact-specific. Here, the case has not progressed beyond the complaint stage, and our focus is procedural. Nonetheless, the cases are useful in providing an overview of how courts construe the statute under a variety of fact patterns.
 {¶ 32} Several courts have held the term "meeting" does not include the members of a public body gathering information or facts if they act only as passive observers, see, e.g.,Steingass Mechanical Contracting, Inc. v. Warrensville HeightsBoard of Education, 151 Ohio App.3d 321, 203-Ohio-28,784 N.E.2d 118, where a closed meeting between the school board and its attorney did not violate the Sunshine Act because the board requested hypothetical and general legal advice, and the attorney did not counsel the board regarding specific actions. In DeVerev. Miami University Board of Trustees (June 10, 1996), Butler Appellate No. 86-05-065, the President of the University informed the trustees of what was on the agenda for the public meeting, and advised them the cost of one of the projects on the agenda would be $300,000, not $250,000 as originally estimated.
 {¶ 33} A question and answer session between a board member and a private individual is not a discussion for purposes of the Sunshine Act, but if members of the public body discuss public business amongst themselves as well, then the meeting is governed by the Sunshine Act, see Holeski v. Lawrence (1993),85 Ohio App.3d 824, 621 N.E.2d 802. For purposes of the Sunshine Act, a "discussion" is an exchange of words, comments, or ideas by the board, Id.
 {¶ 34} The Ohio Supreme Court has found it is not necessary for the board to reach a decision on any measure in order to prove a violation, see, e.g., State ex rel. Delph v. Barr
(1989), 44 Ohio St.3d 77, 541 N.E.2d 52. The mere fact an issue of public concern is raised in closed session does not necessarily mean the action was deliberated, Greene CountyGuidance Center, Inc. v. Greene-Clinton Community Mental HealthBoard (1984), 19 Ohio App.3d 1, 482 N.E.2d 982.
 {¶ 35} The Ohio Supreme Court has encouraged us to construe the statute broadly and not elevate form over substance. Thus, it is not a defense that the public body did not initiate the meeting, see State ex rel. The Fairfield Leader v. Rickett
(1990), 56 Ohio St.3d 97, 564 N.E.2d 486. In the same vein, a public body may not dodge the open meeting requirements by holding several identical back-to-back meetings attended by fewer than a majority of its members, if, taken together, the meetings are attended by the majority of the members, see State ex rel.Cincinnati Post v. City of Cincinnati, 76 Ohio St.3d 540,1996-Ohio-372, 668 N.E.2d 903.
 {¶ 36} A complex set of circumstances was presented inSpringfield Local School District Board of Education v. OhioAssociation of Public Employees, Local 530 (October 18, 1995), Summit Appellate No. 17128. The Ninth District Court of Appeals determined, inter alia, discussions at closed meetings which contributed to a board's decision to adopt a resolution are improper. In this case, the Board deliberated a proposal to outsource bus services, and the Board of Education argued this discussion was so inextricably linked to the issue of bus drivers' and mechanics' job classifications to permit the Board to discuss this in Executive Session. The Court of Appeals rejected this argument, and found the Board could have separated the discussion of the outsourcing and privatization from its discussion of how ending the school board's bus services would affect school employees.
 {¶ 37} As stated supra, these cases involve situations where the courts received evidence about what occurred at the close-session meetings. Here, we are limited to the complaint, and there is as yet no evidence of what actually occurred at the contested meeting or meetings.
 {¶ 38} Turning now to the proposed agenda, we find it includes introductions and interests at the outset of the meeting, and a round-table discussion at the conclusion. The letter anticipates that "all" will participate in these portions of the meeting.
 {¶ 39} Contrary to appellee's assertion, appellant does allege the discussions and deliberations will result in formal action in subsequent public meetings.
 {¶ 40} We find, assuming all the allegations in the complaint to be true for purposes of deciding the motion, and construing the allegations and all reasonable inferences thereof, in favor of appellant, the non-moving party, there are facts consistent with the complaint upon which appellant could be awarded the relief requested. From the proposed agenda a reasonable inference could be drawn that the trustees may discuss and/or deliberate. The issues a potential merger raises are certainly matters of public interest. We conclude the trial court incorrectly dismissed the complaint for failure to state a claim. We note this does not mean appellant will succeed in prosecuting his claim, but only that the trial court should permit the matter to go forward.
 {¶ 41} The assignment of error is sustained.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellees.