OPINION *Page 2 
{¶ 1} Appellants, Joy and Charles Grossenbacher and Robert and Shirley Kelly, own property in the Village of Strasburg, Ohio, appellee herein. On August 20, 2002, appellee passed Resolution No. R-5-2002 requiring appellants to construct curbs and gutters on their respective properties. Appellants did not construct the curbs and gutters.
 {¶ 2} On December 18, 2002, appellee determined the costs for the construction of the curbs and gutters and assessed each couple $1,155.00. Appellants objected, and were heard during a council meeting on February 18, 2003. On April 1, 2003, appellee passed Ordinance No. O-05-2003, levying the assessments against appellants.
 {¶ 3} On April 30, 2003, appellants filed a complaint for injunctive relief with the Court of Common Pleas, alleging a violation of their civil rights and denial of due process. On May 27, 2003, appellee filed a motion to dismiss pursuant to Civ.R. 12(B). A hearing was held on June 13, 2003. By judgment entry filed March 24, 2004, the trial court granted the motion in part, finding R.C. Chapter 2506 did not apply as appellee's action was a legislative act. The trial court dismissed the case as an administrative appeal and re-opened the case as a general civil case. Appellants filed an appeal, but this court dismissed the appeal for lack of a final appealable order.
 {¶ 4} A bench trial commenced on May 19, 2005. By judgment entry June 16, 2006, the trial court found in favor of appellee.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "THE TRIAL COURT ERRED IN DISMISSING THE APPEAL WHICH STATES A VALID CLAIM UNDER R.C. 2506.01."
 I {¶ 7} Appellants claim the trial court erred in granting appellee's Civ.R. 12(B) motion and in finding an R.C. Chapter 2506 appeal does not lie because the action sub judice was a legislative act.
 {¶ 8} Our standard of review on a Civ.R. 12(B) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 {¶ 9} It is uncontested appellants have properly followed the appeal procedures of R.C. 2506.01 et seq. The issue raised is whether the assessments for curbs and gutters imposed upon appellants were proper.
 {¶ 10} Our standard in reviewing whether an act is administrative or legislative is set forth by our brethren from the Tenth District inSolove v. Westerville City Council, Franklin App. No. 01AP-1213, 2002-Ohio-2925, ¶ 23 and 24:
 {¶ 11} "In order to resolve this issue, we must determine whether appellant's action in rejecting Ordinance 00-07(A) involved legislative action or administrative action. In general, legislative decisions are not appealable pursuant to R.C. 2506.01. *Page 4 Moraine v. Bd. of County Commrs. (1981), 67 Ohio St.2d 139, 144,423 N.E.2d 184. Indeed, the adoption or amendment of a zoning regulation or ordinance or the denial of an amendment to a comprehensive zoning plan is a legislative act. Donnelly v. Fairview Park (1968), 13 Ohio St.2d 1,3, 233 N.E.2d 500; Moraine at 144, 423 N.E.2d 184. However, a city council may perform not only legislative acts but administrative acts as well. Myers v. Schiering (1971), 27 Ohio St.2d 11, 13, 271 N.E.2d 864. For example, the refusal to approve a resubdivision that comes within the terms of a zoning regulation already in existence is an administrative act. See Donnelly at 3, 233 N.E.2d 500.
 {¶ 12} "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation or is an action executing or administering a law, ordinance or regulation already in existence.Donnelly at paragraph two of the syllabus. In the case at bar, the process of developing a piece of property under PCC standards culminates in the passing of an ordinance. However, just because an ordinance is passed (or is voted down) does not make the decision or action a legislative one. The Donnelly test requires an examination of the nature of the action taken rather than the mere form in which such action is taken. Buckeye Community Hope Found. v. Cuyahoga Falls (1998),82 Ohio St.3d 539, 544, 697 N.E.2d 181."
 {¶ 13} Notice to appellants of the necessity for curbs and gutters and possible assessments was done via Resolution No. R-5-2002, duly passed by appellee on August 20, 2002:
 {¶ 14} "SECTION 1. It is hereby determined to be necessary to improve Fernsell Avenue between Seventh Streets and Eight Streets, SW in the Village of Strasburg, in *Page 5 
accordance with the plans and specifications prepared by the Village Engineer and on file in the office of the Clerk of this Council, together with the estimate of costs for the improvement set forth hereinafter.
 {¶ 15} "SECTION 10. This Resolution is hereby is hereby (sic) declared to be an emergency measure necessary for the immediate preservation of the public peace, health, safety and welfare of the citizens of the Village of Strasburg, Ohio, for the reason that the improvement is immediately needed to preserve and protect improvements to be made to Fernsell Avenue, SW in the Village of Strasburg, Ohio. Provided it receives the affirmative vote of three-fourths of the members elected to or appointed to council, this Resolution shall be in effect immediately upon its passage and approval."
 {¶ 16} Appellee approved an estimated assessment on December 18, 2002. The assessments were codified on April 1, 2003 under the authority of R.C. 729.09 via Ordinance No. O-05-2003.
 {¶ 17} As stated in Donnelly v. City of Fairview Park (1968),13 Ohio St.2d 1, 4, "If, then, the action of a legislative body creates a law, that action is legislative, but if the action of that body consists of executing an existing law, the action is administrative."
 {¶ 18} The ordinance sub judice was passed pursuant to R.C. 729.01 et seq. R.C. 729.01 confers power to municipal corporations for the construction and repair of "sidewalks, curbs, or gutters within the municipal corporation by the owners of lots or lands abutting thereon," and provides for an assessment against the landowners for the construction.
 {¶ 19} By enacting R.C. Chapter 729, the Ohio General Assembly empowered municipal corporations to construct and repair sidewalks, curbs, and/or gutters. By *Page 6 
accepting this power and setting up assessments for the construction and repair, appellee was performing a legislative act because by ordinance, it created the assessments and was not merely administrating an existing law i.e., a zoning variance to a zoning ordinance.
 {¶ 20} We therefore conclude the trial court was correct in finding R.C. Chapter 2506 did not apply in this case.
 {¶ 21} Appellants also claim the statutory scheme of R.C. Chapter 729 fails to meet the requirements of the United States and Ohio Constitutions. The question is whether under said chapter, appellants were granted notices and the opportunity to be heard.
 {¶ 22} After a review of the statutory scheme, we find an opportunity to be heard in a meaningful manner was given. R.C. 729.03 provides notice of the passage of a resolution and possible assessment to the "owners of the lots or lands abutting upon the sidewalks, curbs, or gutters to be constructed or repaired in the same manner as service of summons in civil cases." R.C. 729.08 provides for notice of the estimated assessments and the right of an affected landowner to object. Said objections are reviewed by the legislative authority, and then the legislative authority "shall adopt an ordinance levying upon the lots and lands enumerated in the list of estimated assessments the amounts set forth on such list with such changes or corrections as the legislative authority shall determine to be proper." See, R.C. 729.09.
 {¶ 23} In this case, appellants were served with notice of the resolution and the estimated assessments on August 23, 2002 and December 18, 2002, respectively. See, Plaintiff's April 30, 2003 Complaint, Exhibits B, C, G and H. Appellants filed *Page 7 
objections, and they were permitted to argue their objections to the legislative authority on February 18, 2003. See, Appellants' Brief at 4.
 {¶ 24} We conclude the statutory scheme provides due process to abutting landowners and appellants herein were duly notified.
 {¶ 25} Appellants also claim an assessment equalization board provided in R.C. 727.16 is applicable to proceedings under R.C. Chapter 729. Although R.C. 729.10 references that R.C. 727.26 to R.C. 727.43 apply to R.C. 729.01 proceedings, it does not mandate the use of an assessment equalization board pursuant to R.C. 727.16. We therefore conclude the Ohio General Assembly specifically chose to omit the special assessment equalization board from R.C. Chapter 729 proceedings.
 {¶ 26} We note there is no specific challenge to the trial court's following conclusions:
 {¶ 27} "The Court FINDS that the Plaintiffs have not met their burden of proving that the Former Grossenbacher Property and the Kelly Property were not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment.
 {¶ 28} "The Court FINDS that the Plaintiffs have not shown by a greater weight of the evidence that the curbs and gutters were detrimental to the value of the Former Grossenbacher Property and the Kelly Property.
 {¶ 29} "The Court FIND that although Plaintiffs alluded to an ulterior motive by Strasburg in selecting the subject properties for the curb and gutter improvements, the weight of the evidence failed to substantiate these suspicions. *Page 8 
 {¶ 30} "The Court FINDS that the Plaintiffs have failed to prove that Strasburg improperly installed the curbs and gutters.
 {¶ 31} "The Court FINDS that the Plaintiffs have failed to prove compensatory damages." See, Judgment Entry filed June 16, 2006.
 {¶ 32} Upon review, we find the trial court did not err in dismissing appellants' complaint under R.C. Chapter 2506, and did not err in finding in favor of appellee.
 {¶ 33} The sole assignment of error is denied.
 {¶ 34} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed. By Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed. *Page 1