[Cite as *White v. King*, 2014-Ohio-3896.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ADAM J. WHITE | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CAE 02 0010 |
| DAVID E. KING, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 13 CVH 04 0352

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 5, 2014

APPEARANCES:

For Plaintiff-Appellant

PHILLIP L. HARMON
6649 North High Street
Suite 105
Worthington, Ohio 43085

Amicus Curiae Common Cause Ohio
and League of Women Voters

NANCY G. BROWN
17 South High Street, Suite 650
Columbus, Ohio 432315

For Defendants-Appellees

JOHN C. ALBERT
CRABBE, BROWN & JAMES
500 South Front Street, Room 1200
Columbus, Ohio 43215

*Wise, J.*

{¶1}. Plaintiff-Appellant Adam J. White appeals the decision of the Court of Common Pleas, Delaware County, which entered a dismissal on the pleadings regarding appellant's complaint under R.C. 121.22 against his fellow school board members, Appellees herein. The relevant facts leading to this appeal are as follows.

{¶2}. At the times pertinent to the matter, Appellant White and Appellee King were members of the Olentangy Local School District Board of Education ("Board"), as were Appellees Julie Feasel, Kevin O'Brien, and Stacy Dunbar.

{¶3}. In March 2012, Appellant White commenced an independent investigation into certain expenditures by two athletic directors employed by the District. As a result of the information uncovered by Appellant White, one of the athletic directors resigned and both of them were required to reimburse the District for improper spending.

{¶4}. On September 25, 2012, the Board voted four-to-one to amend Board Policy No. 0148.1(B) to require that all future communications between Board members and staff must first pass through the District Superintendent or Treasurer. Appellant White voted against the changes to Board Policy No. 0148.1(B).

{¶5}. On October 11, 2012, the Columbus Dispatch newspaper published an editorial entitled: "Role reversal: School boards, not superintendents, are the boss and should act like it." The editorial essentially criticized policies restricting direct access by school board members to administrators and personnel, and it favorably mentioned Appellant White's decision to vote against the Olentangy Local School District's aforesaid revised policy.

{¶6}.   Appellee King, who was serving as Board President, thereupon proposed to the other Board members, Appellees Feasel, O'Brien, and Dunbar, that a public response to the Dispatch editorial should be made. A series of emails between Appellees King, Feasel, O'Brien, Dunbar and certain school district employees resulted in a response that was submitted to the Dispatch. The final response, issued on October 13, 2012 and published on October 27, 2012, was signed only by Appellee David King, based on the newspaper's editorial policy, but said letter had the consent of Appellees Feasel, O'Brien, and Dunbar. Appellant White was not consulted about the response before it was issued or published.

{¶7}.   On April 25, 2013, Appellant White filed an action against Appellees King, Feasel, O'Brien, and Dunbar, alleging violations of Ohio's Open Meeting statute, R.C. 121.22. A Board meeting was also held on April 25, 2013 in which the Board voted to "ratify" appellees' response letter to the editor submitted to the Columbus Dispatch.

{¶8}.   Appellees filed a timely answer and amended answer.

{¶9}.   Appellees filed a motion for judgment on the pleadings on June 20, 2013. Appellant then filed a motion to add a party and for leave to file his first amended complaint. Said leave was granted by the trial court on July 10, 2013, making appellees' first motion for judgment on the pleadings moot. The amended complaint was filed against Appellees King, Feasel, O'Brien and Dunbar in both their official and individual capacities and against the Olentangy Local School District Board of Education seeking a declaratory judgment for a violation of R. C. 121.22.

{¶10}. Appellees filed a timely answer to the amended complaint. Appellees then filed a second motion for judgment on the pleadings on or about October 4, 2013. Appellant responded on October 18, 2013. Appellees filed a reply on October 23, 2013.

{¶11}. On January 16, 2014,  the trial court issued a judgment entry granting appellees' second motion for judgment on the pleadings and a judgment entry denying appellees' second motion to amend the case schedule.

{¶12}. On February 13, 2014, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶13}. "I.  THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO LIBERALLY CONSTRUE THE CLEAR MEANING OF THE OHIO OPEN MEETINGS STATUTE TO THE FACTS OF THIS CASE."

I.

{¶14}. In his sole Assignment of Error, appellant contends the trial court erred in construing the Open Meetings Statute and thus granting appellees' motion for judgment on the pleadings. We disagree.

{¶15}. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civ.R. 12(C), "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. The

very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. *See Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if the plaintiffs can prove any set of facts that would entitle them to relief. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185, 188, abrogated on other grounds by *Simmerer v. Dabbas,* 89 Ohio St.3d 586, 733 N.E.2d 1169, 2000-Ohio-232. The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. *Id.*

{¶16}. As an initial matter, we must set the parameters of the proper review of the record before us. Appellant appears to challenge the trial court's purported reliance on documentation attached to his complaint and amended complaint, such as copies of e-mail correspondence between various school board members. Appellant argues that "[w]hen a trial court relies upon evidence outside [of] the pleadings, the court effectively converts the Civ.R. 12(C) motion to a motion for summary judgment subject to review per the Civ.R. 56(C) standard." Appellant's Brief at 13. However, the "[d]etermination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings." *Schmitt v. Educational Serv. Ctr. of Cuyahoga Co.*, 8th Dist. Cuyahoga No. 97605, 970 N.E.2d 1187, 2012-Ohio-2208, ¶ 10. Under the circumstances presented, we will not countenance appellant's challenge to the trial court's utilization of documents that appellant presented to the court as his own complaint attachments. We thus further find on a preliminary basis that there was no requirement that appellees' second motion for

judgment on the pleadings be converted to a summary judgment motion, as appellant suggests.

{¶17}. We also briefly note at this juncture that appellant admittedly is not appealing the trial court's conclusion that appellees have no individual liability and are entitled to statutory immunity. Therefore, we need not address these topics.

{¶18}. Turning to the statute at issue, R.C. 121.22, Ohio's "open meeting" or "sunshine" law, provides in pertinent part as follows:

{¶19}. "(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.

{¶20}. "***

{¶21}. "(C) All meetings of any public body are declared to be public meetings open to the public at all times. A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting.

{¶22}. "***."

{¶23}. The intent of the "Sunshine Law" is to require governmental bodies to deliberate public issues in public. *See Moraine v. Montgomery County Board of Commissioners* (1981), 67 Ohio St.2d 139, 423 N.E.2d 184. A "meeting" is defined by the statute to mean "any pre-arranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2). Thus, a claim for a violation of the "Sunshine Law" must set forth the existence of the following elements: a (1) pre-arranged (2) discussion (3) of the public business of the public body in question (4) by a

majority of its members. *See State ex rel. Schuette v. Liberty Twp. Board of Trustees*, 5th Dist. Delaware No. 03-CAH-11064, 2004-Ohio-4431, ¶ 29.

{¶**24**}. The case of *Haverkos v. Northwest Local School Dist. Bd. of Edn.,* 1st Dist. Hamilton Nos. C-040578, C-040589, 995 N.E.2d 862, 2005-Ohio-3489, bears a number of similarities to the appeal sub judice. The dispute in *Haverkos* also had its genesis in a newspaper article about a school board's actions, to which four members of said board ultimately responded with a jointly-signed letter. *Id.* at ¶1. Communication via a single e-mail and a few telephone calls about formulating the response letter took place in the meantime between certain board members, and the letter was later read aloud at the board's next public meeting. *Id.* at ¶ 2. Mark Haverkos, eventually the appellant/cross-appellee in the matter, then filed a suit under R.C. 121.22 against the board and four members thereof. *Id.* at ¶ 3.

{¶**25**}. In ruling in favor of the board members, the First District Court in *Haverkos* first found that there had been no pre-arranged meeting for purposes of the Sunshine Law, and at no time had there been a meeting of the majority of the board. The Court specifically concluded under the facts of the case that "[o]ne-on-one conversations between individual board members [do] not constitute a 'meeting' under the Sunshine Law." *Id.* at ¶ 7, citing *State ex rel. Floyd v. Rockhill Local Bd. of Edn.* (Feb. 10, 1998), 4th Dist. Lawrence No. 1862, 1988 WL 17190. The First District Court also considered the import of an e-mail message as a form of "discussion" Ohio's Sunshine Law. *Id.* at ¶ 9. The Court reviewed corresponding statutes from other states, and noted that although Ohio's statute had been amended as recently as 2002, no language regarding modern electronic communications was to be found: "Since the legislature chose not to

include electronic communication in the statute, we hold Ohio's Sunshine Law does not cover e-mails" *Id.* at ¶ 9. Furthermore, the Court recognized that as far as the claim of public business being discussed privately by board members, the response letter "did not mention any pending rule or resolution before the board." *Id.* at ¶ 10. Finally, the Court noted that "*** the contacts were informal and not pre-arranged." *Id.* at ¶ 11.

{¶26}. We recognize that the case sub judice involves much more expansive use of emails; perhaps several dozen if "copied" recipient formats are counted individually. However, appellant herein never alleged that appellees improperly met in person. As in *Haverkos*, we conclude that if the Generally Assembly had intended to include sporadic emails in the statutory definition of "meeting," it would have said so. As an appellate court, we ordinarily must presume that the legislature means what it says. *See State v. Link,* 155 Ohio App.3d 585, 2003-Ohio-6798, 802 N.E.2d 680, ¶ 17, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943. Furthermore, at the time the emails were exchanged, there was no pending rule or resolution before the Board. Even if the Board "ratified" the rebuttal letter in April 2013, after appellant filed his civil action in this case, this was six months after said letter was published in the Dispatch. We find no merit in appellant's claim that the Board's action at that time somehow retroactively created a prearranged discussion of public business via e-mails. Moreover, the mere discussion of an issue of public concern does not mean there were deliberations under the statute. *See Haverkos, supra*, at ¶ 10.

{¶27}. We therefore find no error as a matter of law in the granting of appellees' motion for judgment on the pleadings under the facts and circumstances of this case. Appellant's sole Assignment of Error is overruled.

{¶28}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


JWW/ 0814